Opinion filed November 5, 2015



## In The

# Eleventh Court of Appeals

_____

## No. 11-14-00312-CR

_____

## APRIL COLLINS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-42,244**

### O P I N I O N

April Collins stands charged by indictment with four counts of improper relationship between educator and student. *See* TEX. PENAL CODE ANN. § 21.12 (West Supp. 2014). Collins filed in the trial court a pleading in which she sought to quash the indictment and to obtain habeas corpus relief based upon her contentions that the indictment was faulty and that the statute under which she was

indicted is unconstitutional. The trial court held a hearing and denied the relief requested by Collins. We affirm in part and reverse in part.

Collins presents six points of error in this appeal. In the first point, she contends that each count in the indictment omits an essential element of the crime. In her remaining five points, Collins challenges the constitutionality of the statute under which she was charged. In each count of the indictment, Collins was charged with having an improper relationship with CD, a person whom Collins knew was enrolled in a public secondary school, Permian High School, within the same school district where Collins—who held a certificate or permit issued in accordance with Chapter 21, subchapter B, of the Education Code—worked. The specific conduct charged in Counts I and II was that Collins, with the intent to arouse or gratify her own sexual desire, intentionally distributed sexually explicit material to CD by text message, to-wit: a lewd photograph of her female genitals and a lewd photograph of her breasts, respectively. The specific conduct charged in Count III was that Collins, with the intent to arouse or gratify her own sexual desire, intentionally communicated by text message with CD in a sexually explicit manner, to-wit: "describing sexual intercourse and oral sex she desired to have" with CD. The specific conduct charged in Count IV was that Collins, with the intent to arouse or gratify her own sexual desire, "intentionally solicit[ed] sexual conduct by text message, to-wit: offering to rent a room for the purpose of [Collins] having sexual contact or sexual intercourse" with CD.

Collins specifically complains in her first point of error that the indictment should have been quashed because an element of the offense was missing from each count in the indictment. Collins asserts that each count failed to allege that CD was "a minor," and she argues that CD's being "a minor" as defined by Section 33.021 was an essential element of the crimes charged because

Section 33.021 is subsumed within Section 21.12(a)(3). *See* PENAL §§ 21.12(a)(3), 33.021 (West 2011). We disagree.

Collins was charged with committing four offenses under Section 21.12(a)(3). That statute provides in relevant part as follows:

> (a) An employee of a public or private primary or secondary school commits an offense if the employee:
>
> . . . .
>
> (3) engages in *conduct described by Section 33.021*, with a person [who is enrolled in that school or is enrolled in a public primary or secondary school in the same school district as the school at which the employee works], *regardless of the age* of that person.

PENAL § 21.12(a)(3) (emphasis added). Section 33.021 criminalizes the online solicitation of "a minor."[1]

Based upon the plain language used by the legislature, we interpret Section 21.12(a)(3) to reference only the "conduct" that is criminalized by Section 33.021. The legislature's inclusion of the language "regardless of the age" of the student in Section 21.12(a)(3) indicates that the legislature did not intend to include Section 33.021's requirement that the student be "a minor" as defined by Section 33.021. By doing so, the legislature made it an offense for an educator to have an improper relationship with a student even if the student was not a minor at the time. *See Colleps v. State*, No. 02-12-00396-CR, 2014 WL 1324422, at *1–2

---

[1]We note that Section 33.021 was amended as of September 1, 2015, but that the former version of that section remains in effect and applies in this case because the alleged offenses were committed prior to the amendment's effective date. *See* Act of May 5, 2015, 84th Leg., R.S., ch. 61, 2015 Tex. Sess. Law Serv. 1035, 1035–36 (West) (to be codified as an amendment to TEX. PENAL CODE ANN. § 33.021(a)(1), (b), (d), (e)). At the time of this offense, Section 33.021(a)(1) defined a minor as an individual "who represents himself or herself to be younger than 17 years of age" or "whom the actor believes to be younger than 17 years of age." Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 1, 2005 Tex. Gen. Laws 4049, 4050. As amended in 2015, Section 33.021(a)(1) now defines a minor as an individual "who is younger than 17 years of age" or "whom the actor believes to be younger than 17 years of age."

(Tex. App.—Fort Worth Apr. 3, 2014, no pet.) (mem. op., not designated for publication) (upholding defendant educator's convictions under Section 21.12 for acts committed with consenting adult students); *Ex parte Morales*, 212 S.W.3d 483, 487 (Tex. App.—Austin 2006, pet. ref'd) (student above the age of seventeen). We overrule Collins's first point of error.

In her remaining points of error, Collins challenges the constitutionality of Section 21.12(a)(3) based upon its incorporation of Section 33.021—a statute that has been held to be unconstitutionally overbroad in part. *See Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013) (holding that Section 33.021(b) was overbroad because it prohibited a wide array of constitutionally protected speech and was not drawn narrowly enough to achieve only the legitimate objective of protecting children from sexual abuse). The constitutional complaints raised by Collins in the trial court and in her second through sixth points of error on appeal are that Section 21.12(a)(3) is overbroad and violates the First Amendment, is vague and violates her due process rights, offends the Dormant Commerce Clause, offends notions of privacy and liberty that are tied to her due process rights, and does not comport with constitutional equal-protection standards. *See* U.S. CONST. amends. I, XIV; art. I, § 8.

A defendant may file a pretrial application for writ of habeas corpus in order to raise a facial challenge to the constitutionality of the statute under which the defendant is charged. *Ex parte Thompson*, 442 S.W.3d 325, 333 (Tex. Crim. App. 2014). Whether a statute is facially unconstitutional is a question of law subject to de novo review. *Lo*, 424 S.W.3d at 14. When the constitutionality of a statute is attacked, a court usually must presume that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. *Id.* at 15. With respect to constitutional provisions other than the First Amendment, a facial challenge to the

4

constitutionality of a statute will succeed only if it is shown that the statute is unconstitutional in all of its applications. *State v. Johnson*, No. PD-0228-14, 2015 WL 5853115, at \*2 (Tex. Crim. App. Oct. 7, 2015).

However, when the statute restricts and punishes speech based on its content, the usual presumption of constitutionality does not apply. *Lo*, 424 S.W.3d at 15. Instead, content-based regulations are presumptively invalid, and the State bears the burden to rebut that presumption. *Id.* A court must use strict scrutiny in its review of a content-based regulation. *Thompson*, 442 S.W.3d at 344–45; *Lo*, 424 S.W.3d at 15–16. "To satisfy strict scrutiny, a law that regulates speech must be (1) necessary to serve a (2) compelling state interest and (3) narrowly drawn." *Lo*, 424 S.W.3d at 15 (citing *Sable Commc'ns of Cal., Inc. v. FCC*, 492 U.S. 115, 126 (1989)). To be narrowly drawn, the statute must use the least restrictive means to achieve its goal, and there must be a close nexus between the State's compelling interest and the restriction. *Id.* A statute does not satisfy strict scrutiny if a less restrictive alternative would be at least as effective in achieving the State's legitimate goal. *Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 846 (1997); *Lo*, 424 S.W.3d at 15–16. The court in *Lo* noted that, "when the content of speech is the crime, scrutiny is strict because . . . the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." 424 S.W.3d at 16 (quoting *Ashcroft v. Am. Civil Liberties Union*, 535 U.S. 564, 573 (2002)) (internal quotation mark omitted).

In her second point of error, Collins urges that, because of its incorporation of Section 33.021, Section 21.12(a)(3) is overbroad and violates the First Amendment of the United States Constitution. We address this point of error in two parts. We first address it with respect to Section 33.021(b), which regulates

speech based upon its content and is, thus, presumed to be invalid. We next address the second point of error with respect to Section 33.021(c).

As Collins points out, the Court of Criminal Appeals has already determined that Section 33.021(b),[2] which proscribes sexually explicit online communications with a minor, is unconstitutionally overbroad and violates the First Amendment. *See Lo*, 424 S.W.3d at 14, 18–20. Section 33.021(b) is implicated in Counts I, II, and III of the indictment. Collins was charged in these three counts with a violation of Section 21.12(a)(3) by engaging in conduct described by Section 33.021(b), i.e., sending sexually explicit text messages. The State argues that, even though Section 33.021(b) is unconstitutional, "its incorporation within [Section 21.12(a)(3)] is not." The State has not met its burden on this matter.

In *Lo*, the Court of Criminal Appeals acknowledged that the State has a compelling interest in protecting children from sexual predators. *Lo*, 424 S.W.3d at 19. And we would posit that the State also has a compelling interest in protecting students enrolled in primary and secondary schools in this state and in providing a safe educational environment conducive to learning. Section 33.021(b), however, is not narrowly tailored to achieve these legitimate goals. As pointed out by the court in *Lo*:

> "Sexual expression which is indecent but not obscene is protected by the First Amendment." Subsection (b) covers a whole cornucopia of "titillating talk" or "dirty talk." But it also includes sexually explicit literature such as "Lolita," "50 Shades of Grey," "Lady Chatterley's Lover," and Shakespeare's "Troilus and Cressida." It includes sexually explicit television shows, movies, and performances such as "The Tudors," "Rome," "Eyes Wide Shut," "Basic Instinct," Janet Jackson's "Wardrobe Malfunction" during the 2004 Super Bowl, and

---

[2]As we noted in Footnote No. 1, the legislature has since amended Section 33.021(b), but the former version applies in this case. Therefore, unless otherwise noted, when we reference Section 33.021 in this opinion, we refer to the version in effect at the time that Collins allegedly committed the offenses charged in this case.

Miley Cyrus's "twerking" during the 2013 MTV Video Music Awards. It includes sexually explicit art such as "The Rape of the Sabine Women," "Venus De Milo," "the Naked Maja," or Japanese Shunga. Communications and materials that, in some manner, "relate to" sexual conduct comprise much of the art, literature, and entertainment of the world from the time of the Greek myths extolling Zeus's sexual prowess, through the ribald plays of the Renaissance, to today's Hollywood movies and cable TV shows.

*Id.* at 20 (footnotes omitted). Thus, Section 21.12(a)(3), through its incorporation of Section 33.021(b), would prohibit educators from electronically communicating with their students about valid, non-obscene topics. Following the rationale of the Court of Criminal Appeals in *Lo*, we hold that Section 21.12(a)(3) is unconstitutionally broad insofar as it incorporates the unconstitutionally broad Section 33.021(b). Consequently, Counts I, II, and III of the indictment against Collins must be dismissed. *See id.* at 27.

Count IV of the indictment implicates Section 33.021(c), not (b). With respect to Count IV of the indictment, Collins argues that Section 21.12(a)(3) insofar as it incorporates Section 33.021(c) regulates speech based upon its content, is unconstitutionally broad, and violates the First Amendment. Section 33.021(c) provides:

A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

PENAL § 33.021(c). In simplified terms, we understand the combination of Sections 21.12(a)(3) and 33.021(c) to criminalize a primary or secondary school employee's solicitation, via electronic means, of a student with whom the employee has a school connection when the employee solicits the student to meet

7

with the employee or someone else and intends for the student to engage in certain sexual behavior. As noted by the Court of Criminal Appeals in *Lo*, "it is the *conduct* of requesting a minor to engage in illegal sexual acts that is the gravamen of the offense" in Section 33.021(c). *Lo*, 424 S.W.3d at 16–17; *see Ex parte Wheeler*, No. 01-14-00868-CR, 2015 WL 5770850, at *3 (Tex. App.—Houston [1st Dist.] Sept. 29, 2015, no. pet. h.) (not yet released for publication) (concluding that Section 33.021(c) "regulates conduct and unprotected speech"); *Ex parte Victorick*, No. 09-13-00551-CR, 2014 WL 2152129, at *2–3 (Tex. App.—Beaumont May 21, 2014, pet. ref'd) (mem. op., not designated for publication) (concluding that Section 33.021(c) regulates conduct, not the content of speech alone), *cert. denied*, 135 S. Ct. 1557 (2015). Likewise, it is the school employee's *conduct* of requesting the student to engage in illegal[3] sexual acts that is the gravamen of the offense in Section 21.12(a)(3) through its incorporation of Section 33.021(c).

Because Section 21.12(a)(3) through its incorporation of Section 33.021(c) regulates the conduct of requesting a student to engage in illegal sexual acts— rather than speech based upon the content of the speech, as in Section 33.021(b)— we must presume that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. *See Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002); *see also Lo*, 424 S.W.3d at 15. Collins has the burden to establish the unconstitutionality of Section 21.12(a)(3) through its incorporation of Section 33.021(c). *See Rodriguez*, 93 S.W.3d at 69.

A statute is impermissibly overbroad if, in addition to proscribing activities that may be constitutionally prohibited, its sweeping coverage also proscribes speech or conduct that is protected by the First Amendment. *Bynum v. State*, 767

---

[3]We note that, pursuant to Section 21.12(a)(1) and (2), it is illegal for certain school employees to engage in sexual acts with students.

S.W.2d 769, 772 (Tex. Crim. App. 1989). Particularly where conduct and not merely speech is involved, the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep. *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973). When a statute is not substantially overbroad, whatever overbreadth may exist should be cured through case-by-case analysis. *Id.* at 615–16. A statute will not be invalidated for overbreadth merely because some unconstitutional applications are conceivable. *Members of the City Council of the City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984).

The First Court of Appeals addressed and rejected an overbreadth challenge to Section 33.021(c). *Maloney v. State*, 294 S.W.3d 613, 626–28 (Tex. App.— Houston [1st Dist.] 2009, pet. ref'd). Furthermore, we observe that the Court of Criminal Appeals intimated in *Lo* that Section 33.021(c), in "contrast" to Section 33.021(b), was constitutional. *Lo*, 424 S.W.3d at 17. The *Lo* court also pointed out that the First Court of Appeals had upheld the constitutionality of Section 33.021(c). *Id.* (citing *Maloney*, 294 S.W.3d at 625–29). The overbreadth of Section 33.021(c) is not substantial when judged in relation to the statute's plainly legitimate sweep, which is the legitimate goal of the "prevention of sexual exploitation and abuse of children . . . a government objective of surpassing importance." *Maloney*, 294 S.W.3d at 628 (citing *New York v. Ferber*, 458 U.S. 747, 773 (1982); *Broadrick*, 413 U.S. at 615).

Likewise, at least two of our sister courts have rejected an overbreadth challenge to the face of Section 21.12, which at that time criminalized physical sexual contact between school employees and students, not electronic communications as described by Section 33.021. *In re Shaw*, 204 S.W.3d 9, 14–15 (Tex. App.—Texarkana 2006, pet. ref'd); *see Morales*, 212 S.W.3d at 492. We

note that the legislature did not incorporate Section 33.021 into Section 21.12 until 2007; thus, the courts in *Shaw and Morales* were not faced with the same issue that is before us. *See* Act of May 21, 2007, 80th Leg., R.S., ch. 610, § 1, 2007 Tex. Gen. Laws 1167.

Although Section 21.12(a)(3), via its incorporation of Section 33.021(c), could apply to situations in which the student is a consenting adult, we cannot say the statute is impermissibly broad when judged in relation to its "plainly legitimate sweep, i.e., employees and students in primary and secondary schools, when the vast majority of such students are undoubtedly not adults." *Shaw*, 204 S.W.3d at 15. The present case is similar to *Shaw* in that the record before us contains no data about what percentage of secondary school students affected by the statute are adults. Thus, even if the statute "could be said to infringe on fundamental First Amendment rights of those students and employees who are of age," there is nothing in the record before us to indicate that Section 21.12(a)(3), via its incorporation of Section 33.021(c), reaches a substantial amount of constitutionally protected conduct. *Id.* The *Morales* court similarly concluded that Section 21.12 did not implicate a substantial amount of conduct protected under the First Amendment. 212 S.W.3d at 492. Following the rationale of the courts in *Lo*, *Maloney*, *Shaw*, and *Morales* and the authorities cited therein, we hold that Section 21.12(a)(3) insofar as it incorporates Section 33.021(c) is not unconstitutionally overbroad. Accordingly, the trial court did not err in failing to dismiss Count IV of the indictment on overbreadth grounds.

We sustain Collins's second point of error in part and overrule it in part. Because we sustain that portion of the second point of error that relates to Counts I, II, and III of the indictment, we need only address Collins's remaining points as they apply to Count IV of the indictment.

In her third point of error, Collins contends that the statute under which she is charged is unconstitutionally vague. Collins asserts that "Section 21.12, by its incorporation of Section 33.021(c), forbids 'solicitation' that is not intended to result in a meeting." We disagree. A statute will be invalidated on vagueness grounds if it fails to give a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited. *State v. Holcombe*, 187 S.W.3d 496, 499 (Tex. Crim. App. 2006). The combination of Sections 21.12(a)(3) and 33.021(c) provides that a primary or secondary school employee commits an offense if, via electronic means, the employee knowingly "solicits" a student—with whom the employee has a school connection as specified in the statute—"to meet" with the employee or someone else and if the employee has "the intent that the [student] will engage in sexual contact, sexual intercourse, or deviate sexual intercourse" with the employee or another person. PENAL §§ 21.12(a)(3), 33.021(c). These sections, as combined, are not unconstitutionally vague and do not forbid solicitations made with no intent to result in a meeting. *See Wheeler*, 2015 WL 5770850, at *4–5 (rejecting similar argument, determining that Section 33.021 is not unconstitutionally vague, and holding that Section 33.021(d) refers only to the solicitor's intent post-solicitation); *Ex parte Zavala*, 421 S.W.3d 227, 231–32 (Tex. App.—San Antonio 2013, pet. ref'd) (same). We overrule Collins's third point of error.

In her fourth point, Collins argues that Section 21.12, by its incorporation of Section 33.021(c), violates the Dormant Commerce Clause because "it unduly burdens interstate commerce by attempting to place regulations on the entirety of the Internet." Collins asserts that the "negative aspect" of the Commerce Clause prohibits state legislation that unduly restricts interstate commerce. The arguments asserted by Collins were specifically rejected by our sister court in *Wheeler*.

There, the court of appeals held that Section 33.021(c) is an "even-handed" statute designed for the legitimate purpose of protecting children from sexual predators and that "the effect of the statute on interstate commerce is only incidental in relation to the local benefit of the statute." *Wheeler*, 2015 WL 5770850, at *5. We agree and, likewise, reject the challenge to Section 21.12(a)(3), by its incorporation of Section 33.021(c), made by Collins under the Dormant Commerce Clause. Collins's fourth point of error is overruled.

In her fifth point, Collins argues that Section 21.12(a)(3) deprives consenting adults of their fundamental rights to liberty and privacy to which they are entitled under the Due Process Clause of the Fourteenth Amendment. Collins asserts that Section 21.12(a)(3), by its incorporation of Section 33.021(c), reaches far beyond a legitimate state interest and "punishes school employees who choose to exercise their right to solicit sex with any other consenting *adult* who is currently enrolled as a student" if certain criteria are met. Collins acknowledges that "the morality and ethics of some may abhor the idea of sexual solicitation between educator and student, even as between consenting adults," and points out that the obligation of this court is to define the liberty of all, not to mandate our own moral code. *See Lawrence v. Texas*, 539 U.S. 558, 571 (2003).

Contrary to Collins's assertion, we do not believe that the statutes at issue here implicate a fundamental right. The Court in *Lawrence* did not hold that the right of consenting adults to engage in certain manners of sexual conduct is a fundamental right subject to strict scrutiny. *Morales*, 212 S.W.3d at 493; *see Lawrence*, 539 U.S. at 578 ("legitimate state interest" test applied). Furthermore, the *Morales* court, prior to the addition of Section 21.12(a)(3), held that Section 21.12 did not implicate any fundamental rights. We agree and are of the opinion that Section 21.12(a)(3) does not implicate any fundamental rights. Thus,

12

instead of strict scrutiny, we must determine whether the statutes at issue further a legitimate state interest that could justify their intrusions into the personal and private life of an individual. As noted above, the State has legitimate interests in preventing the sexual exploitation of students by educators (including the protection of minor students from sexual abuse) and in preserving an educational environment conducive to learning, and Section 21.12(a)(3) via its incorporation of Section 33.021(c) is rationally related to those legitimate interests. *See Morales*, 212 S.W.3d at 494–98. Neither Section 21.12(a)(3) nor Section 33.021(c) violates due process. We overrule Collins's fifth point of error.

In her final point, Collins argues that Section 21.12(a)(3) violates the equal protection guarantee of the Fourteenth Amendment because it treats relationships between consenting adults differently based upon the adults being in a particular group: school employees and students. Collins specifically asserts that there is "no rational basis for restricting public-school employees' sexual communications with other adults who happen to attend school in the same district." We disagree.

Under the Equal Protection Clause of the Fourteenth Amendment, all persons similarly situated shall be treated alike under the law. *Plyler v. Doe*, 457 U.S. 202, 216 (1982); *Wood v. State*, 18 S.W.3d 642, 651 n.9 (Tex. Crim. App. 2000). Because Sections 21.12(a)(3) and 33.021(c) do not implicate a fundamental right or discriminate against a suspect class, a rational basis test is appropriate. *See Shaw*, 204 S.W.3d at 17–18; *Morales*, 212 S.W.3d at 501; *see also Wood*, 18 S.W.3d at 650. Collins thus has the burden to show that the statutory classification is not rationally related to a legitimate state interest. *See Wood*, 18 S.W.3d at 650–51. As we stated above, the State has a legitimate interest in preventing the sexual exploitation of students by educators and in preserving an educational environment conducive to learning. *See Shaw*, 204 S.W.3d at 18. The statutory classification

set out in Section 21.12(a)(3) is rationally related to those legitimate interests. Collins has not met her burden of showing otherwise. We overrule Collins's sixth point of error.

We affirm the order of the trial court in part, and we reverse it in part. We remand the cause to the trial court with instructions to dismiss Counts I, II, and III of the indictment. The trial court may proceed under Count IV of the indictment against Collins.


JIM R. WRIGHT

CHIEF JUSTICE


November 5, 2015

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.