ACCEPTED
03-14-00818-CR
7850705
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/16/2015 4:13:59 PM
JEFFREY D. KYLE
CLERK

# ZIMMERMANN LAVINE & ZIMMERMANN, P.C.

### ATTORNEYS AT LAW
770 SOUTH POST OAK LANE, SUITE 620
HOUSTON, TEXAS 77056
713-552-0300  FAX 713-552-0746
WWW.TEXASDEFENSELAWYERS.COM

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

11/16/2015 4:13:59 PM

JEFFREY D. KYLE
Clerk

JACK B. ZIMMERMANN
JIM E. LAVINE
TERRI R. ZIMMERMANN

November 16, 2015

Jeffery D. Kyle
Clerk of Court
Third Court of Appeals
Price Daniel Sr. Building
209 West 14th St., Room 101
Austin, Texas 78701

> RE:  *Clinton David Beck v. The State of Texas*
> Court of Appeals Number: 03-14-00818-CR
> Trial Court Case Number: CR2011-197

Dear Mr. Kyle,

Pursuant to Rule 38.7 of the Texas Rules of Appellate Procedure, Mr. Beck sends this letter regarding cases decided after the Brief and Reply Brief for Appellant were filed:

1. *Collins v. State*, No. 11-14-00312-CR, 2015 WL 6768734, at *4 (Tex. App.– Eastland November 5, 2015):  The Eleventh Court of Appeals held that Section 21.12(a)(3) is unconstitutional because it incorporates Section 33.021(b), a statute the Court of Criminal Appeals found to be unconstitutional in *Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013), *reh'g denied*, (Mar. 19, 2014).  Because Mr. Beck was convicted of violating Section 21.12(a)(3) only based on its incorporation of Section 33.021(b), just like Collins, this case supports Mr. Beck's argument that his conviction and sentence are void.

2. *Ex parte Fournier* and *Ex parte Christopher Dowden*, WR-82,102-01, 2015 WL 6518272 (Tex. Crim. App. Oct. 28, 2015): The Court of Criminal Appeals granted habeas relief based on *Ex parte Lo* even though the Applicants had not challenged the unconstitutional statute at trial.  The Court held, "Applicants are entitled to relief under *Lo* and our subsequent decision in *Ex parte Chance*.  In a short per curiam opinion, we granted Chance relief based on our judgment in *Lo* despite Chance's failure to contest the statute's constitutionality at trial or on appeal.  Consistent with *Chance*, we set aside Fournier's and Dowden's judgments of conviction in Cause Numbers 1151921 and 1300886, respectively, and remand

RE:     *Clinton David Beck v. The State of Texas*
        Court of Appeals Number: 03-14-00818-CR
        Trial Court Case Number: CR2011-197

those causes to the respective trial courts to dismiss the indictments." *Id.,* at *5.  This case supports Mr. Beck's argument that he is entitled to relief even though he did not challenge the constitutionality of the statute at trial.

                        Very respectfully,


Jack B. Zimmermann                                  Terri R. Zimmermann

cc:  Mr. Joshua Presley (via E-file)