PER CURIAM.
Shelley Moore appeals a final declaratory judgment declaring certain real property to be the homestead of appellee Shirley Rote. We affirm.
In 1972, Moore obtained and recorded a final judgment against Shirley Rote and Rote’s then husband Jack. When Moore sought to levy on the Rotes’ home, the Rotes filed an affidavit claiming the property as homestead which was thereby exempt from forced sale under Article X, Section 4 of the 1968 Florida Constitution. The Rotes divorced in 1978. Pursuant to their property settlement agreement as incorporated in the final judgment of dissolution of marriage, Mrs. Rote was entitled to exclusive use and possession of the former marital home until she remarried, at which time the home was to be sold and the proceeds divided evenly between husband and wife. Mrs. Rote also took primary custody of the couple’s three children.
In 1987, Moore filed a supplemental complaint against Mrs. Rote in which, after alleging that the Rotes’ children had reached their majorities, Moore sought a declaration that the Rotes’ property was not homestead and was therefore subject to levy and sale. Moore argued that the homestead exemption had been lost in September, 1984, when Mrs. Rote’s youngest child became 18. Moore reasoned that Mrs. Rote ceased to be head of family at that time, thereby losing the protection of the 1968 version of the homestead exemp *1151 tion.[1] After an evidentiary hearing at which Mrs. Rote was the only witness, the trial court concluded that Mrs. Rote qualified as the head of the household and was thus entitled to homestead exemption. The trial court accordingly declared the subject property to be Mrs. Rote’s homestead.
The record supports the trial court’s finding that Rote is head of the household. As noted above, Mrs. Rote was the only witness to testify at the evidentiary hearing on Moore’s supplemental complaint. She testified that she has not remarried and that she lives on the property. Apart from vacations with their father, her children had always lived at home and her two older children continue to do so. Mrs. Rote testified further that the two children are dependent upon her. Mrs. Rote satisfied the applicable test for homestead exemption, “to show either: (1) a legal duty to maintain arising out of the family relationship at law; and/or (2) continuing communal living by at least two persons with one person recognized as being in charge.” Killian v. Lawson, 387 So.2d 960, 962 (Fla.1980). A mother and adult children residing in the same household qualify. Beck v. Wylie, 60 So.2d 190, 192 (Fla.1952). See generally Public Health Trust v. Lopez, 531 So.2d 946, 950 n. 5 (Fla.1988) (“Even under the former constitution, it was possible for an owner to be a homesteader without having persons financially dependent upon him.”). That her ex-husband has provided some support by continuing to pay the mortgage on the property, and that the children have worked part-time in the past does not diminish her status as head of the family. See id,.; Vandiver v. Vincent, 139 So.2d 704, 709-710 (Fla. 2d DCA 1962).
The “homestead exemption laws should be liberally applied in the interest of the family home.” Olesky v. Nicholas, 82 So.2d 510, 512 (Fla.1955). Homestead property is not subject to a judgment lien. Id. at 512, 513; Daniels v. Katz, 237 So.2d 58, 60 (Fla. 3d DCA 1970).[2]
Affirmed.

. Moore argued that if her judgment lien attached in September, 1984, then the November, 1984 constitutional amendment to article X, section 4, could not operate retroactively to oust the lien. See Nationwide Financial Corp. v. Thompson, 400 So.2d 559, 561 (Fla. 1st DCA 1981). The 1984 amendment extended the homestead exemption to all natural persons, whether or not they are heads of family.

. As Mr. Rote is not a party, this decision does not pass on any rights he may have. Compare Killian v. Lawson, 387 So.2d at 962 (nonresident spouse who provides support under divorce decree can be deemed head of family) with Public Health Trust v. Lopez, 531 So.2d at 950 n. 5 (head of family status is "legal question dealing with personal authority, not a factual question based upon who controlled the purse strings”). Mr. Rote’s status is immaterial here. Once it is determined that the property is homestead, it follows that the judgment lien does not attach, regardless of who is the head of family.