617 So.2d 1156 (1993)
Barbara A. MAZZELLA, M.D., Appellant,
v.
Peter P. BOINIS, as the General Partner of Antonelli and Boinis Associates Limited Partnership, Appellee.
No. 92-3446.
District Court of Appeal of Florida, Fourth District.
May 19, 1993.
Charles D. Barnard, Fort Lauderdale, for appellant.
David J. Menkhaus, Moore & Menkhaus, P.A., Boca Raton, for appellee.
ANSTEAD, Judge.
This is an appeal from an order authorizing the garnishment of the wages of appellant, Barbara A. Mazzella. At issue is whether she is entitled to a statutory exemption from garnishment because of her continuing support of her adult son while he attends college. We hold that she is and reverse.
Section 222.11, Florida Statutes (1991) provides in relevant part:
No writ of attachment or garnishment or other process shall issue from any of the courts of this state to attach or delay the payment of any money or other thing due to any person who is the head of a family residing in this state, when the money or other thing is due for the personal labor or services of such person. As used in this section, the term "head of family" includes any unmarried, divorced, legally separated, or widowed person who is providing more than one-half of the support for a child or other dependent.

(Emphasis added). It is undisputed that Mazzella is an unmarried, divorced person who is "providing more than one-half" of her son's support. The question is whether she is disqualified from claiming the exemption because she no longer has a legal obligation to provide that support.[1]
*1157 In an apparent attempt to clarify who qualifies for the wage exemption provided by section 222.11, the legislature amended that section in 1981 to include the language emphasized above. Thus, under the statute's plain language, an unmarried or divorced person can claim the exemption provided that the person is furnishing more than one-half of the support for either a "child" or "other dependent," terms not otherwise defined by the statute.
The wage exemption from garnishment was adopted to "protect citizens against financial reverses and difficulties and to permit the citizen when residing in Florida and head of a family to be secure in money coming to him for his labor and services thereby supporting his family and preventing it from becoming a public charge." Holmes v. Blazer Fin. Servs., Inc., 369 So.2d 987, 988 (Fla. 4th DCA 1979) (quoting Wolf v. Commander, 137 Fla. 313, 188 So. 83, 84 (Fla. 1939)). The supreme court has held that the exemption is for the benefit of the debtor, and should be liberally construed in the debtor's favor. Elvine v. Public Fin. Co., 196 So.2d 25, 26 (Fla. 3d DCA 1967); Killian v. Lawson, 387 So.2d 960, 962 (Fla. 1980).
In construing this statute, our first obligation is to give the words used by the legislature their plain meaning. For instance, without any words of limitation, a "child" commonly refers to any son or daughter, regardless of his or her age. See The American Heritage Dictionary 265 (2d ed. 1982) (defining "child" to mean, inter alia, "A son or daughter; an off-spring."). Since it is also our obligation to construe section 222.11 liberally in favor of the debtor, it is reasonable to conclude the existence of a filial relationship is all that is necessary to qualify as a "child" under the statute. As Mazzella points out, had the legislature intended to narrow the application of the word "child" to a certain age, it could have easily done so by providing words of restriction such as "minor" or "under the age of 18."[2] Absent such a qualification, a plain reading of the statute compels the conclusion that "child" includes both minor and adult children. After all, few of us, if asked the number of children we had, would limit our response to those children under the age of majority.
This plain meaning interpretation is also consistent with the case law construing the phrase "head of family" prior to the 1981 amendment. In Killian, supra, the Florida Supreme Court relied upon the alternative tests previously utilized by the courts in homestead protection cases to determine the meaning of "head of family" as used in section 222.11. These tests require the showing of either: (1) existence of a legal duty to support arising out of the family relationship at law; or (2) continuing communal living by at least two individuals under such circumstances that one is recognized as in charge. 387 So.2d at 962. While the former requirement looks to a "family in law," the latter looks to a "family in fact," which arises out of a moral obligation to support. See Holden v. Estate of Gardner, 420 So.2d 1082, 1083 (Fla. 1982) (citing Smith v. Stewart, 390 So.2d 178 (Fla. 4th DCA 1980)). The court in Killian held a divorced debtor with no minor children who pays alimony which constitutes the sole support of his former wife is entitled to the head of family exemption. Other cases have found the existence of a "family in fact" in circumstances similar to those presented here.
*1158 In Beck v. Wylie, 60 So.2d 190 (Fla. 1952), the court determined the circumstances constituted a "family in fact" where a mother resided with an adult daughter and contributed more towards the support of the daughter than the daughter earned through employment. Likewise in Moore v. Rote, 552 So.2d 1150 (Fla. 3d DCA 1989), the court cited Killian and Beck, and found record support for a finding of "head of household" where a divorced mother testified her children, who had reached their majorities, continued to live with her and were dependent upon her. In De Cottes v. Clarkson, 43 Fla. 1, 29 So. 442 (Fla. 1901), the court found a "family in fact" where the mother supported an able-bodied adult daughter who assisted her mother in family affairs. Similarly in Caro v. Caro, 45 Fla. 203, 34 So. 309 (Fla. 1903), the court determined a mother was head of the family where two grown, unmarried daughters lived with the mother and earned sufficient money for their own support, except for food, which the mother purchased. See also Hillsborough Inv. Co. v. Wilcox, 152 Fla. 889, 13 So.2d 448 (Fla. 1943) (widow who occupied residence with and contributed to support of disabled adult son who was employed was found to be head of the family); Beensen v. Burgess, 218 So.2d 517 (Fla. 4th DCA 1969) (father living with a married daughter whose husband was on active military duty found to be head of a family). These cases make clear that, even when the child has reached the age of majority, a parent will qualify as head of the family so long as the child looks to the parent for support.
Since the 1981 amendment evinces no legislative intent to change this body of law, other than to require the payment of more than one-half of the support of the child or dependent, we believe these cases are still relevant to an understanding of the "head of family" provisions contained in section 222.11. As to the "family in fact" test, the Florida Supreme Court recognized in Grapin v. Grapin, 450 So.2d 853, 854 (Fla. 1984), that a parent's duty to assist adult children in obtaining a higher education "that is increasingly necessary in today's fast-changing world" is a moral one. The facts demonstrate Mazzella has assumed a personal responsibility and a moral obligation to provide an advanced education and financial support for her son. Under the case law discussed above, this would qualify Mazzella as head of a "family in fact."
In conclusion, we hold that Mazzella is entitled to the benefit of section 222.11 whether we consider the plain meaning of the words used in the statute or utilize the "family in fact" test set out in the case law. Although her son has attained the age of majority, it is apparent that Mazzella is still supporting her child. Under the plain language of the statute, that is all that is necessary.
Accordingly, we reverse and remand with directions for proceedings consistent herewith. Because we believe this to be an issue that will substantially impact Florida residents, both as creditors and debtors, we also certify as an issue of great public importance, the question of whether a parent is entitled to the benefit of section 222.11, Florida Statutes (1991), when that parent provides more than one-half of the support for an adult child attending college.
DELL, J., concurs.
LETTS, J., dissents without opinion.
NOTES
[1] Appellee Boinis seems particularly concerned by the fact that someone in Mazzella's position  a physician making approximately $100,000 per annum  could utilize the exemption statute. As presently drafted, however, section 222.11 shields the head of a family from garnishment regardless of how much money he or she earns. Thus, although appellee's point may have merit, we are bound to apply the statute as written.
[2] In support of her position, Mazzella offers as examples of such restrictive language: (1) the homestead exemption provision in our constitution, which states in part that "homestead shall not be subject to devise if the owner is survived by spouse or minor child," Art. X, Sec. 4(c), Florida Constitution; and (2) section 222.15 authorizing payment of wages due a deceased employee to a child or children provided they "are over the age of 18 years." Mazzella also refers to section 440.02(5), Florida's Compensation Act, and section 238.07(16)(a)2 of the Florida teacher-retirement statutes, defining child to include those under 22 years of age and enrolled in an accredited educational institution.