867 So.2d 486 (2004)
James M. KARWOSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4642.
District Court of Appeal of Florida, Fourth District.
February 18, 2004.
Rehearing Denied April 2, 2004.
*487 Richard G. Bartmon, Boca Raton, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
This appeal arises from a final judgment finding James Karwoski guilty of computer pornography and child exploitation in violation of Florida Statute section 847.0135(3). Karwoski was sentenced to community control and placed on sex offender probation. For the reasons outlined below, we affirm the conviction and sentence.
On May 1, 2001, Officer Young, an officer who works in the juvenile division, went on-line posing as a fifteen year old male in an AOL chat room geared toward men seeking men. While in the chatroom, Young was contacted by someone with the username Crazyglu20. At trial, defense stipulated that Crazyglu20 was Karwoski. In the chatroom, Young told Karwoski he was a fifteen year old boy. Karwoski told Young he was thirty four years old, then asked to trade pictures. Karwoski asked Young if he was bisexual. In another online correspondence Karwoski told Young he liked boys better than girls, told him they could get together, and gave him his phone number.
In a subsequent conversation, Karwoski asked Young what he looked like. After Young told him he was five feet ten inches, Karwoski asked if he was muscular and if he was smooth or hairy. Karwoski then told Young that he likes to work his male genitalia at the gym, and engaged in a sexually oriented conversation. Karwoski then asked when they could get together. Young responded that he would tell his mom he was going out with a friend and that they might be able to get together that day. Young asked Karwoski what he wanted to do first when they did get together. Karwoski responded, have sex.
Another officer called the phone number Karwoski had given Young, posing as Pelle. Pelle was the name used by the officer during the online encounters. During the phone conversation Karwoski told Young to meet him at a Shell gas station and that he would be driving a white car. After the officers made contact with Karwoski at the planned meeting location, officers moved in and arrested him.
After being arrested, Karwoski gave a statement. He explained that he was meeting someone there, but that he did not know how old the person was. Karwoski was found guilty as charged. This appeal timely follows.
On appeal, Karwoski contends that section 847.0135, Florida Statutes, is unconstitutionally overbroad, vague, and an impermissible content-based regulation in violation of his First and Fourteenth Amendment rights. The Florida Supreme Court has commented on the "strong presumption in favor of the constitutionality of statutes." State v. Kinner, 398 So.2d 1360 (Fla.1981). Section 847.0135 reads, in part, as follows:
Certain uses of computer services prohibited.Any person who knowingly utilizes a computer on-line service, Internet service, or local bulletin board service to seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice, a child or another person believed by the person to be a child, to commit any illegal act described in chapter 794, relating to sexual battery; chapter 800, relating to lewdness and indecent exposure; or chapter 827, relating to child abuse, commits a felony of the third degree....
*488 § 847.0135(3), Fla. Stat. (2001) (emphasis added).
In defending the constitutionality of section 775.085, Florida Statutes, Florida's Hate Crimes Statute, the Florida Supreme Court has held that "[w]hen protected speech translates into criminal conduct, even the Free Speech Clause balks. While the First Amendment confers on each citizen a powerful right to express oneself, it gives the [citizen] no boon to jeopardize the health, safety, and rights of others." State v. Stalder, 630 So.2d 1072 (Fla.1994) (quoting Operation Rescue v. Women's Health Center, Inc., 626 So.2d 664, 675 (Fla.1993)).
In this case, it is the speech itself that translates into the criminal conduct. It is speech that amounts to seduction, solicitation and enticement of a child to commit a crime that is prohibited. As a result, we find Karwoski's overbreadth argument unpersuasive as well as his position that the statute is an impermissible content based regulation.
Karwoski also contends the statute is overbroad for failing to define the term child. Karwoski points to Mazzella v. Boinis, 617 So.2d 1156 (Fla. 4th DCA 1993). In Mazzella, this court discussed the Florida garnishment statute which does not define the term child. The Mazzella opinion explained:
In construing this statute, our first obligation is to give the words used by the legislature their plain meaning. For instance, without any words of limitation, a "child" commonly refers to any son or daughter, regardless of his or her age. See The American Heritage Dictionary 265 (2d ed.1982) (defining "child" to mean, inter alia, "A son or daughter; an offspring."). Since it is also our obligation to construe section 222.11 liberally in favor of the debtor, it is reasonable to conclude the existence of a filial relationship is all that is necessary to qualify as a "child" under the statute. As Mazzella points out, had the legislature intended to narrow the application of the word "child" to a certain age, it could have easily done so by providing words of restriction such as "minor" or "under the age of 18." Absent such a qualification, a plain reading of the statute compels the conclusion that "child" includes both minor and adult children. After all, few of us, if asked the number of children we had, would limit our response to those children under the age of majority.
Id. at 1157.
Section 847.0135(3), Florida Statutes, is distinguishable from the statute at issue in Mazzella. Most importantly, the statute in Mazzella did not cross-reference any statutory sections that may have given the undefined term any meaning other than its plain meaning. However, section 847.0135 specifically points to chapter 794, chapter 800, and chapter 827 of the Florida Statutes. In fact, it is the chapters that are referenced that clarify what behavior the statute prohibits.
In the chapters referenced by this statute, the victim is defined by age in many of the individual criminal provisions. For example, section 794.011(2)(a) refers to sexual battery by a person over eighteen years of age on a person less than twelve and section 800.04(4) defines lewd or lascivious battery as twelve or over, but under sixteen. The statute also provides that lewd or lascivious molestation is a crime committed against someone under sixteen years of age. Further, by referencing chapter 827, this statute incorporates "any person under 18 years" as the definition of child. § 827.01(2), Fla. Stat. (1996). As a result, the analysis that this court engaged in in Mazzella is inapplicable to this case *489 and we are unpersuaded by Karwoski's contention.
The last argument raised by Karwoski on appeal is that the state failed to prove the elements of the charges beyond a reasonable doubt. "On review of a lower court's ruling on a motion for judgment of acquittal, the appellate court determines whether the state introduced competent substantial evidence to support the guilty verdict. The defendant, as the moving party, admits all the facts introduced into evidence and all reasonable inferences that may be drawn therefrom in favor of the state." Gilbert v. State, 817 So.2d 980 (Fla. 4th DCA 2002) (citing R.T.L. v. State, 764 So.2d 871, 872 (Fla. 4th DCA 2000)).
Initially Karwoski alleges that his conviction must fail as a matter of law since the charges were not, and could not, be established. Karwoski maintains that since the only alleged victim was an undercover police officer, the State failed to prove that anyone was seduced, solicited, lured or enticed as the statute requires. This argument overlooks the fact that the statute prohibits any attempt to seduce, solicit, lure, or entice. Therefore, the fact that the only potential victim was an undercover officer does not preclude a conviction under this statute.
The trial court concluded that "[t]here is [sic] totally been an absence of anything from which one could reasonably conclude that Mr. Karwoski had any reason to think that he was dealing with anything other than a 15 year old boy." Due to the record evidence indicating that the officer clearly portrayed himself as a fifteen year old boy, and the necessity to draw all inferences in favor of the State, we agree with the conclusion of the trial court and find Karwoski's arguments challenging the sufficiency of the evidence to be without merit. We therefore affirm the order of the trial court.
AFFIRMED.
KLEIN and HAZOURI, JJ., concur.