ACCEPTED
03-15-00755-CR
11107119
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/13/2016 11:26:59 AM
JEFFREY D. KYLE
CLERK

No. 03-15-00755-CR

In the
Court of Appeals for the Third District of Texas
at Austin

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/13/2016 11:26:59 AM
JEFFREY D. KYLE
Clerk

_____

No. 15-0431-K368
In the 368th Judicial District Court
Williamson County, Texas

_____

Justin Robert Parker
*Appellant*
v.
THE STATE OF TEXAS
*Appellee*

_____

STATE'S BRIEF IN RESPONSE

_____

Jana Duty
District Attorney
Williamson County, Texas

John C. Prezas
State Bar No: 24041722
Assistant District Attorney
405 Martin Luther King, Box 1
Georgetown, Texas  78626
(512) 943-1234
(512) 943-1255 (fax)
jprezas@wilco.org

ORAL ARGUMENT REQUESTED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rules of Appellate Procedure 39.1 and 39.7, Appellant has requested oral argument in this case. Therefore, to preserve its right to argue and respond, the State requests oral argument. However, because both this Court[1], as well as other courts of appeal have already resolved this issue in a manner consistent with the reasoning used by the Court of Criminal Appeals, the State believes that the briefs and the record adequately present the legal arguments, and that the decisional process would not be significantly aided by oral argument.

---

[1] *Mower v. State*, No. 03-14-00094-CR, 2016 Tex. App. LEXIS 3539 (Tex. App.—Austin April 7, 2016) (mem. op., not designated for publication).

## IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), the State offers the following supplement to the parties identified in Appellant's brief:

Attorneys for the State

- Ms. Lytza Rojas (pretrial), Assistant District Attorney for the Williamson County District Attorney, 405 Martin Luther King, Georgetown, Texas 78626.

- Mr. John C. Prezas (pre-trial briefing of appellate issues and appeal), Assistant District Attorney for the Williamson County District Attorney, 405 Martin Luther King, Georgetown, Texas 78626.

- Mr. Daniel Sakaida (appeal), Assistant District Attorney for the Williamson County District Attorney, 405 Martin Luther King, Georgetown, Texas 78626.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ............................................... ii

IDENTIFICATION OF THE PARTIES ................................................................ iii

TABLE OF CONTENTS ................................................................................... iv

INDEX OF AUTHORITIES ................................................................................v

ISSUES PRESENTED ........................................................................................1

SUMMARY OF THE ARGUMENT ...................................................................1

ARGUMENT ......................................................................................................2

   I.    STANDARD OF REVIEW ....................................................................2

     A.    Binding Precedent Holds that Section 33.021(c) Regulates Conduct, Not Speech .......................................................................................................2

     B.    Appellant's Arguments to the Contrary Fail ................................................5

     C.    Even if Appellant's Arguments were not Erroneous, Solicitation is not Protected by the First Amendment ............................................................9

     D.    The Prohibited Defenses Do Not Change this Analysis ...........................11

   II.    SECTION 33.021 IS NOT OVERBROAD ..........................................12

     A.    Subsection (c) is not Overbroad .................................................................13

     B.    Subsection (d) is not Overbroad .................................................................17

   III.    SECTION 33.021 IS NOT IMPERMISSIBLY VAGUE ....................18

   IV.    RECENT LEGISLATIVE CHANGES DO NOT ALTER THESE CONCLUSIONS ................................................................................24

   V.    SECTION 33.021 DOES NOT VIOLATE THE DORMANT COMMERCE CLAUSE ...........................................................................26

PRAYER ..........................................................................................................29

CERTIFICATE OF COMPLIANCE ................................................................30

CERTIFICATE OF SERVICE .........................................................................30

# Cases

*Ex parte Lo*, 424 S.W.3d 10, 14-15 (Tex. Crim. App. 2013) ... 3, 4, 8, 10, 13, 14, 28

*Ex parte Victorick*, No. 09-13-00551-CR, 2014 Tex. App. LEXIS 5429, at *2 (Tex. App.—Beaumont May 21, 2014, pet. ref'd) (mem. op., not designated for publication) .............................................................................. 4, 13, 14

*American Libraries Ass'n v. Pataki*, 969 F. Supp. 160 (S.D.N.Y. 1997)......... 26, 27

*Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973)..................................................12

*Bynum v. State*, 767 S.W.2d 769, 772 (Tex. Crim. App. 1989) .............................12

*Chaplinsky v. New Hampshire*, 315 U.S. 568, 571-572 (1942). ............................10

*Collins v. State*, 479 S.W.3d 533 (Tex. App.—Eastland 2015, no pet.) ...... 4, 14, 22

*Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. 1979). ....................................3

*Engleking v. State*, 750 S.W.2d 213, 215 (Tex. Crim. App. 1988) ........................22

*Ex Parte Thompson*, 442 S.W.3d 325, 338 (Tex. Crim. App. 2014). .....................10

*Ex Parte Wheeler*, 478 S.W.3d 89, 94 (Tex. App.—Houston [1st Dist.] 2015, pet ref'd)................................................................ 3, 4, 12, 14, 18, 19, 22, 28

*Ex parte Zavala*, 421 S.W.3d 227, 231 (Tex. App.—San Antonio 2013, pet. ref'd) ................................................................................................ 4, 18, 19, 20

*Frieling v. State*, 67 S.W.3d 462 (Tex. App.—Austin 2002, pet. ref'd) .................10

*Huron Portland Cement Co. v. City of Detroit*, 362 U.S. 440, 443 (1960)............27

*In re Shaw*, 204 S.W.3d 9, 15 (Tex. App.—Texarkana 2006, pet. ref'd)). ...... 12, 13

*Karwoski v. State*, 867 So. 2d 486, 488 (Fla. App. 2004). .......................................8

*Maloney v. State*, 294 S.W.3d 613, 626 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd.)................................................................ 4, 13, 14, 17, 19, 20, 22

*Marbury v. Madison*, 5 U.S. 137 (1803)................................................................25

*McBurney v. Young*, 133 S. Ct. 1709, 1721 (2013) ................................................28

*Mower v. State*, No. 03-14-00094-CR, 2016 Tex. App. LEXIS 3539 (Tex. App.—Austin April 7, 2016) (mem. op., not designated for publication).ii, 3, 13, 21, 22, 23

*New York v. Ferber*, 458 U.S. 747, 769 (1982) .......................................................13

*Parker v. State*, 985 S.W.2d 460, 464 (Tex. Crim. App. 1999). ............................22

*Pike v. Bruce Church*, 397 U.S. 137, 142 (1970). .................................................27

*Sanchez v. State*, 995 S.W.2d 677, 688 (Tex. Crim. App. 1999). ..........................10

*Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992)............................5

*Scott v. State*, 36 S.W.3d 240, 242 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd.) ......................................................................................................17

*State v. Holcombe*, 187 S.W.3d 496, 499-501 (Tex. Crim. App. 2006)...................19
*State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013). ............................5
*United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004)..........................11
*United States v. Salerno*, 481 U.S. 739, 745 (1987)...................................................5
*United States v. Williams,* 553 U.S. 285, 298 (2008) .............................................11

# Statutes

Tex. Penal Code Sec. 33.021. ........................................................................5, 12

# Other Authorities

Act of May 22, 2015, 84th Leg., R.S., ch. 61, §1, §2, 2015 Tex. Gen. Laws 1036.
 .................................................................................................................................25
Bill Analysis S.B. 344.......................................................................................26

TO THE HONORABLE COURT OF APPEALS:

## ISSUES PRESENTED

Appellant asserts that those portions of the version of Section 33.021 of the Texas Penal Code applicable to this case, not declared unconstitutional by the Court of Criminal Appeals in *Ex Parte Lo*, are also unconstitutional because they are overbroad and vague in violation of the First Amendment and because they violate the dormant commerce clause.

## SUMMARY OF THE ARGUMENT

Appellant applies the wrong standard to his analysis because binding precedent has made clear that section 33.021 regulates non-expressive conduct, not speech. Further, any speech used to solicit minors to engage in sexual conduct is not protected by the First Amendment. The prohibited defenses do not change this analysis. Section 33.021 is not overbroad, as this Court and other appellate courts have recognized, because the plainly legitimate sweep of the statute far outweighs Appellant's hypothetical conception that it might prohibit certain types of adult roleplay.

Section 33.021 is sufficiently clear and not unconstitutionally vague because a plain reading of the statute makes clear what conduct it prohibits and what

1

defenses are and are not allowable.  The recent legislative changes do not change this analysis. The function and purpose of the various branches of the government, as well as the doctrine of separation of powers, make clear that this Court should follow its own decisions as well as those of other appellate courts when evaluating section 33.021's constitutionality rather than Appellant's assertions about legislative fears thereof.

Finally, existing precedent makes clear that section 33.021 does not operate in a manner that would violate the dormant commerce clause.  Appellant provides scant explanation for this assertion and the case law he does cite supports the State's position more than his own.

## ARGUMENT

### I.    STANDARD OF REVIEW

#### A.    Binding Precedent Holds that Section 33.021(c) Regulates Conduct, Not Speech

Appellant argues that section 33.021 of the Texas Penal Code[2] regulates speech and thereby violates the First Amendment.  He is wrong.  His mistake is an

---

[2] Appellant challenges the statute in effect at the time the offense occurred.  Effective September 1, 2015, the Texas legislature made changes to the statute as detailed below in FN 55.

2

important one because it impacts the burden of proof and the presumptions with which this Court must grapple. Normally, the Court must presume the statute is valid and that the legislature has not acted unreasonably or arbitrarily in enacting it. The party challenging a statute carries the burden to establish the statute's unconstitutionality[3]. If there is a reasonable construction that renders the statute constitutional, the court must uphold it[4]. When a challenged statute seeks to restrict speech, however, the statute is instead presumed invalid, and the State bears the burden of rebutting that presumption[5].

The Court of Criminal Appeals has already clearly settled this issue[6], as this Court recognized approximately three days after Appellant filed his brief[7]. As Appellant acknowledges in his brief, several other intermediate appellate courts have ruled in a manner consistent with this Court and the Court of Criminal Appeals[8]. When the Court of Criminal Appeals held subsection 33.021(b) unconstitutional, it specifically, held up subsection (c) as an "excellent contrast"

---

[3] *See, e.g.*, *Ex parte Lo*, 424 S.W.3d 10, 14-15 (Tex. Crim. App. 2013); *Ex Parte Wheeler*, 478 S.W.3d 89, 94 (Tex. App.—Houston [1st Dist.] 2015, pet ref'd).

[4] *Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. 1979).

[5] *See, e.g.*, *Lo*, 424 S.W.3d at 15; *Wheeler*, 478 S.W.3d at 93.

[6] *Lo*, 424 S.W.3d at 16-17.

[7] *Mower v. State*, No. 03-14-00094-CR, 2016 Tex. App. LEXIS 3539 (Tex. App.—Austin April 7, 2016) (mem. op., not designated for publication).

[8] *See e.g.*, *Wheeler*, 478 S.W.3d at 95-96; Brief for Appellant p. 12.

3

because (1) subsection (c) is a solicitation statute of the kind routinely upheld in many jurisdictions, (2) offers to engage in illegal transactions such as sexual assault of minors are categorically excluded from the protection of the First Amendment, and (3) because the gravamen of the offense of solicitation is, "the conduct of requesting a minor to engage in illegal sexual acts."[9]

Following the clear language and reasoning in *Ex parte Lo* and *Mower* compels this Court to reaffirm that section 33.021(c) regulates conduct not speech and, thus, presume it is a valid statute and require Appellant to rebut that presumption[10].

Further, the plain text of section 33.021 makes this clear. Subsection (b) was found unconstitutional in part precisely because it prohibited speech on its face, that is communication with minors in a sexually explicit manner or distributing sexually explicit material. Subsection (c) by contrast prohibits the act

---

[9] *Lo*, 424 S.W.3d at 16-17.

[10] *See, e.g.*, *Lo*, 424 S.W.3d at 17; *Wheeler,* 478 S.W.3d at 93; *Ex parte Victorick*, No. 09-13-00551-CR, 2014 Tex. App. LEXIS 5429, at *2 (Tex. App.—Beaumont May 21, 2014, pet. ref'd) (mem. op., not designated for publication) (concluding that section 33.021(c) punishes conduct rather than the content of speech alone and applying presumption of statutory validity in overbreadth and vagueness challenges), *cert. denied*, 135 S. Ct. 1557 (2015); *Maloney v. State*, 294 S.W.3d 613, 626 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd.) (applying presumption that statute is valid in its review of overbreadth and vagueness challenges to Penal Code section 33.021(c)); *Ex parte Zavala*, 421 S.W.3d 227, 231 (Tex. App.—San Antonio 2013, pet. ref'd) (presuming validity of Penal Code section 33.021(c) in considering vagueness challenge); *Collins v. State*, 479 S.W.3d 533 (Tex. App.—Eastland 2015, no pet.) (finding 33.021(c) regulates conduct and presuming the validity of the statute).

of soliciting a minor to meet for sexual contact, sexual intercourse, or deviate sexual contact. A person has violated subsection (c) if they solicit such a meeting regardless of the type of the words used or the manner in which they use their electronic device to communicate the solicitation[11]. This is true even if the words used to solicit are not, in and of themselves, sexually explicit[12].

But Appellant faces a greater challenge than just overcoming the presumption of validity. Because Appellant challenges the facial constitutionality of subsections (c) and (d) of sec. 33.021, rather than its constitutionality as applied, he must show the statute is unconstitutional in every application[13]. To meet this heavy burden, Appellant must show that no set of circumstances exist under which the statute is valid[14].

### B. Appellant's Arguments to the Contrary Fail

Appellant argues that the Texas online solicitation statute, section 33.021, regulates speech because the First Amendment protects expressive conduct as well

---

[11] Tex. Penal Code Sec. 33.021.

[12] *Id.*

[13] *United States v. Salerno*, 481 U.S. 739, 745 (1987); *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013).

[14] *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992).

as actual speech. He points to Texas and United States Supreme Court jurisprudence regarding regulations of expressive conduct, also called symbolic speech. However, beyond this assertion, Appellant fails to articulate how soliciting a minor for sexual contact is symbolic or expressive of anything. Peace symbols, arm bands, refusals to salute a flag, and acts of taking a photograph, are all far removed from using electronic means to find a child victim to molest. The former are clearly acts that do communicate views in a manner the First Amendment may protect. The latter does not submit an idea, concept, or assertion into the free market of ideas and free flow of expression the First Amendment is meant to protect. Rather, such conduct is a criminal act the State can and should proscribe.

Appellant also argues that words do not gain less protection merely because they also constitute conduct. However, he also misses the point that merely because some conduct, such as wearing an armband or not saluting the flag, is expressive does not mean that all conduct or the conduct here falls into that category.

Appellant seeks to create ambiguity to his benefit where none exists. The First Amendment protects expression, typically with speech, sometimes with speech-like expressive conduct. Here, this Court, the Court of Criminal Appeals,

6

and other intermediate appellate courts have made clear that Section 33.021 prohibits a non-expressive type of conduct.

Appellant argues that all of these decisions are erroneous, pointing to language in *Ex Parte Lo* and various federal cases that describe solicitation as speech. Yet, these decisions are not as definitive as Appellant asserts.

The language Appellant points to in *Ex Parte Lo* itself demonstrates the manner in which he is misreading that case. The Court of Criminal Appeals referenced soliciting speech precisely because the Court of Criminal Appeals was discussing section (b), which it ultimately held unconstitutional for prohibiting solely speech. The language that Appellant argues is dicta is, in fact, important to the *Lo* decision and carries more weight than mere dicta because the court relied on the disparity between the currently challenged sections that criminalize the conduct of soliciting a minor for sex via communication and the section it held unconstitutional, which prohibited solely speech. The *Lo* court used this disparity to illustrate precisely why the portions it struck down violated the Constitution, thereby placing limits upon the future application of that decision.

The mere fact that Appellant's counsel, Mr. Bennett, feels his argument led to what he now characterizes as dicta[15], is neither controlling nor persuasive. While the Court of Criminal Appeals clearly found his overall reasoning persuasive, his arguments are not the law that binds this Court. To the extent that the opinion of the Court of Criminal Appeals expands upon or otherwise differs from his argument, it is that ruling and not Mr. Bennett's argument by which this Court should abide.

Further, the court in *Karwoski* analyzed the Florida statute at issue in a manner similar to that used by the Court of Criminal Appeals in *Lo*, stating prior to the line quoted in Appellant's brief, "it is the speech itself that translates into the criminal conduct."[16] That court thus viewed the solicitation as both speech and conduct in a manner similar to the language Appellant cites from the *Lo* case itself.[17] This is illustrative because the case law interpreting federal statutes similar to section 33.021, many of which Appellant cites, appear to start with the assumption that speech is regulated and do not directly address an argument that the law at issue regulates conduct rather than speech.

---

[15] R.R. II:19-20.

[16] *Karwoski v. State*, 867 So. 2d 486, 488 (Fla. App. 2004).

[17] Brief for Appellant p. 13; *Ex Parte Lo*, 424 S.W.3d at 18.

Even had federal courts evaluated federal statutes in this manner, there is nothing preventing a state law from targeting and regulating non-expressive conduct, including conduct that includes communication, differently or more strictly than federal courts so long as that state law abides by the Constitution, including the First Amendment. Thus, the argument that federal courts interpreting federal statutes deems those federal statutes as regulating speech, whether they considered the possibility of regulating conduct or not, is not directly dispositive of whether section 33.021 regulates speech or conduct.

When this Court returns to the binding authority on Texas law, including its own recent precedent, the issue becomes clearer.

C. **Even if Appellant's Arguments were not Erroneous, Solicitation is not Protected by the First Amendment**

Appellant's urges this Court, as he did the trial court, to find that section 33.021 fails the strict scrutiny standard because it regulates protected speech. Even were the above analysis applicable, and this Court entertained Appellant's urgings and analyzed the non-expressive conduct regulated by section 33.021 as speech, this Court should still deny his claims because speech involving criminal solicitation rests squarely in the category of speech that cannot and does not benefit

9

from the protections of the First Amendment. When considering subsection (c), the Texas Court of Criminal Appeals said, "Such solicitation statutes exist in virtually all states and have been routinely upheld as constitutional because 'offers to engage in illegal transactions [such as sexual assault of a minor] are categorically excluded from First Amendment protection'[18]."

The Supreme Court of the United States has held that words that incite criminal acts, such as lewd, obscene, libelous, and so-called fighting words, are traditionally beyond the bounds of the First Amendment's protection[19]. As solicitation is a criminal act committed with words or words meant to facilitate and incite a criminal act, it too would fall outside the First Amendment's protection.

Texas Courts have applied similar analysis finding solicitation of prostitution, bribery, and extortion all are speech without constitutional protection, as they constitute criminal conduct[20]. In *Ex Parte Thompson*[21], the Court of Criminal Appeals explained that "When the intent is to do something that, if accomplished, would be unlawful and outside First Amendment protection, such as

---

[18] *Lo*, 424 S.W.3d at 16 (citing *United States v. Williams*, 553 U.S. 285, 297 (2008)).

[19] *Chaplinsky v. New Hampshire*, 315 U.S. 568, 571-572 (1942).

[20] *See Frieling v. State*, 67 S.W.3d 462 (Tex. App.—Austin 2002, pet. ref'd); *Sanchez v. State*, 995 S.W.2d 677, 688 (Tex. Crim. App. 1999).

[21] *Ex Parte Thompson*, 442 S.W.3d 325, 338 (Tex. Crim. App. 2014).

10

the intent to threaten or intimidate, such an intent might help to eliminate First Amendment concerns." Because Tex. Penal Code sections 21 .02, 21.11, 22.011, and 22.021 all forbid the exact types of sexual conduct for which Tex. Penal Code section 33.021(c) prohibit solicitation, that solicitation also falls outside First Amendment protection[22].

## D. The Prohibited Defenses Do Not Change this Analysis

Appellant argues that the prohibition against fantasy or lack of intent for a meeting to occur move the conduct prohibited into the realm of speech or expressive conduct protected by the First Amendment. Appellant acknowledges that section 33.021(c) on its face forbids only incitement and that the Supreme Court of the United States has recognized solicitation as criminal speech intended to induce or commence illegal activity that enjoys no First Amendment protection because offers to give or receive what is unlawful have no social value[23]. However, Appellant asserts that 33.021(d) forbids constitutionally protected

---

[22] Further, Appellant's own brief cites to *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004) for the proposition that speech attempting to arrange the sexual abuse of children has no greater constitutional protection than speech attempting to arrange any other crime. *See* Brief for Appellant p. 13-14.

[23] *United States v. Williams,* 553 U.S. 285, 298 (2008) (holding that offers to provide or requests to obtain child pornography are categorically excluded from first Amendment Protection).

11

speech not intended to result in sex with children because it precludes the defenses that the actor did not intend for the meeting to occur and that the actor was engaged in fantasy at the time of the commission of the offense[24].

This argument is essentially the same as his arguments that the prohibition of these defenses render the statute overbroad and void for vagueness. The reasons asserted below in sections II, III, and IV, that these prohibitions do not render the statute unconstitutionally vague or overbroad also illustrate why they do not expand its reach to protected speech.

## II. <u>SECTION 33.021 IS NOT OVERBROAD</u>

A statute is unconstitutional on its face as overbroad only if it prohibits a substantial amount of protected speech as judged against the statute's plainly legitimate sweep. The overbreadth must be real and substantial. This Court must not invalidate the statute merely because it is possible to imagine an unconstitutional application[25]. The Supreme Court of the United States noted that because invalidating a statute has wide reaching consequences, when asked to do

---

[24] Tex. Penal Code § 33.021(d); Brief for Appellant p. 23-24.

[25] *See Ex Parte Wheeler*, 478 S.W.3d 89, 94 (Tex. App.—Houston [1st Dist.] 2015, pet ref'd) (citing *Lo*, 424 S.W.3d at 18) (quoting *Virginia v. Hicks*, 539 U.S. 113, 118-19 (2003)); *Bynum v. State*, 767 S.W.2d 769, 772 (Tex. Crim. App. 1989); *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973); *In re Shaw*, 204 S.W.3d 9, 15 (Tex. App.—Texarkana 2006, pet. ref'd)).

so by one whose conduct is punished by said statute, courts must consider the overbreadth doctrine "strong medicine" that should be employed "only as a last resort.[26]"

## A.   Subsection (c) is not Overbroad

Appellant argues that subsection (c) is unconstitutional because it prohibits an adult person engaged in "ageplay" from soliciting a consenting adult to participate in a fantasy roleplay where one or both of said adults pretends to be a minor.  This Court has recently rejected this argument as has the Beaumont Court of Appeals; the Houston Court of Appeals for the First District has rejected it twice[27].    Further the Court of Criminal Appeals cited with favor the holding in *Maloney* that subsection (c) was constitutional[28].

The mere conceivability that "ageplay" presents an unconstitutional application does not invalidate subsection (c) as overbroad[29].    For reasons

---

[26] *New York v. Ferber*, 458 U.S. 747, 769 (1982) (citing *Broadrick*, 413 U.S. at 613).

[27] *Mower v. State,* No. 03-14-00094-CR, 2016 Tex. App. LEXIS 3539, at *9-10 (Tex. App.—Austin, 2016) (mem. op., not designated for publication); *Maloney v. State*, 294 S.W.3d 613, 626-29 (Tex. App.—Houston [1st Dist.] 2009); *Ex parte Victorick*, 2014 Tex. App. LEXIS 5429, at *2; *Wheeler*, 478 S.W.3d at 97.

[28] *Lo*, 424 S.W.3d at 17.

[29] *In re Shaw*, 204 S.W.3d at 15.

detailed more fully below, Appellant's Exhibit "B[30]" to his writ application to the trial court does not advance the "ageplay" beyond mere conceivability. Further, the *Wheeler* court reviewed the same "report" as in Appellant's Exhibit "B" and reached the same conclusion[31].

By contrast, the State's interest and the legitimate sweep of section 33.021 could not be more important—protecting children from sexual predators seeking to assault and exploit them. This important State interest far outweighs Appellant's asserted concerns regarding "ageplay.[32]" "[T]he incidence of the State seeking to prosecute two consenting adults engaging in online role playing or 'fantasy' would likely be exceedingly low.[33]" The danger of overbreadth is, thus, not substantial enough to call the constitutionality of section 33.021 into question[34].

Appellant argues that because the number of people who use the internet to engage in fantasy is significant, that alone meets the test for a real and substantial

---

[30] C.R. I: 34-50.

[31] *Wheeler*, 478 S.W.3d at 95 ("Although the Dohearty article asserts that ageplay is increasingly prevalent in the age of social media, we conclude that the legitimate reach of Penal Code section 33.021(c) dwarfs the threat of its arguably impermissible application to innocent ageplayers and that whatever overbreadth exists should be cured by thorough and case-by-case analysis and judicious use of prosecutorial discretion").

[32] *Maloney*, 294 S.W.3d at 627 (citing *Ferber*, 458 U.S. at 773); *Lo*, 424 S.W.3d at 19; *Collins v. State*, 479 S.W.3d 533, 538-39 (Tex. App.—Eastland 2015, no pet.).

[33] *Maloney*, 294 S.W.3d at 628.

[34] *Id.*; *Ex parte Victorick*, 2014 Tex. App. LEXIS 5429 at *2; *Wheeler*, 478 S.W.3d at 95.

14

overbreadth. Appellant does not show that the statute reaches out to proscribe legitimate behavior of such a large number of internet users engaging in "ageplay" as to render the statute overbroad. Further, Appellant appears to argue that the statute criminalizes "ageplay" because he misconstrues in subsection (a)(1) the duality of a person who represents themselves to be a minor and a person the actor believes to be a minor. Appellant reads this to mean a person violates the law if he solicits for sexual contact a person the actor knows to be an adult who represents themselves to be a minor as part of a roleplay "ageplay" scenario.

That is clearly neither the intent nor the application of the plain text of the statute. If both parties know the other is engaged in roleplay then they are not representing themselves as a minor. Rather, they are representing themselves as adults engaged in roleplay. That defense is not prohibited by subsection (d) because that is not evidence of being engaged in fantasy it is a defense that the person did not meet the definition of minor based on the nature of the interaction. The language in subsection (a)(1) is meant to cover both actual minors the actor solicits online and the law enforcement officer engaged in a "sting" operation to locate predators seeking to solicit children and thereby protect actual children from harm.

Even if the above were not true, Appellant's argument still ignores the reality that complying with the statue simply requires adults desiring to engage in "ageplay" to identify themselves as such prior to initiation of the fantasy—something that even Mr. Dohearty's materials, contained in Appellant's Exhibit "B" to his brief to the trial courts[35], suggests is commonly done. In fact, Dohearty identifies multiple places (both concrete and virtual) and multiple ways that "ageplayers" organize and recognize each other[36]. Thus, law enforcement, when investigating solicitation of minors for illegal purposes, such as sexual assault, can and do readily distinguish adults with fetishes from predators seeking vulnerable children, as do prosecutors and grand juries when evaluating the fruits of such investigations.

The statute, as written, prevents a defendant from relying on the defense that even though a minor represented herself as a child, he thought she was older. The reasoning behind this is analogous to the reasoning behind strict liability laws

---

[35] C.R. I:34-49 (indicating a variety of specific internet sites for those interested in "ageplay" to interact with each other and the mere attendance of which indicates an interest in adult roleplay of this kind).

[36] *Id.*

16

regarding sexual abuse.  In *Scott v. State*[37], the First Court of Appeals analyzed the constitutionality of statutory rape laws, stating, "The statute rationally furthers a legitimate governmental interest.  It protects children from sexual abuse by placing the risk of mistake as to a child's age on an older, more mature person who chooses to engage in sexual activity with one who may be young enough to fall within the statute's purview."  Likewise here, section 33.021(c) places that risk in the same place, upon the older, more mature person soliciting someone who clearly represents himself or herself to be younger than seventeen.

### B.    Subsection (d) is not Overbroad

Appellant also argues that the statute is overbroad because subsection (d) precludes as a defense from prosecution the arguments that the accused did not intend for the meeting to occur or was engaged in fantasy at the time.  The reasoning in the subsection above applies equally well here.  In addition, "if a statute can be construed in two different ways, one of which sustains its validity, we apply the interpretation that sustains its validity[38]."

---

[37] *Scott v. State*, 36 S.W.3d 240, 242 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd.) (citing *United States v. Ransom*, 942 F.2d 775, 776-77 (10th Cir. 1991)).

[38] *Maloney*, 294 S.W.3d at 626.

Section 33.021, when read as a whole, forbids the solicitation of a minor to meet with the intent that the minor and the actor will engage in some manner of sexual contact[39]. Because, "the crime of soliciting a minor under section 33.021(c) is committed, and is completed at the time of the request, i.e. the solicitation," it follows that, "it does not matter what happens after the solicitation occurs because the offense has been completed.[40]" Therefore, as detailed more fully below, it does not matter if the defendant did not intend for the meeting to occur or was engaged in a fantasy at the time[41].

## III.  SECTION 33.021 IS NOT IMPERMISSIBLY VAGUE

Appellant asserts that the statute is void for vagueness because it prohibits the defenses that the actor did not intend for the meeting to occur or that the actor was engaged in fantasy at the time of the commission of the offense, which Appellant reads as contradictory to the point that men of common intelligence must necessarily guess at its meaning. Yet, as detailed above, when faced with multiple interpretations, this Court must choose the one favoring constitutionality,

---

[39] *Zavala*, 421 S.W.3d 227, 231-232. (Tex. App.—San Antonio 2013, pet. ref'd)

[40] *Id*. at 232.

[41] *Id*.; *Wheeler*, 47 S.W.3d at 95.

18

that being the regulation of the conduct of solicitation. This reading of the statute does give a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited. Therefore, section 33.021(c) is not impermissibly vague[42].

Despite Appellant's assertions to the contrary, the intent required by the statute (the intent that the minor will engage in sexual contact) is consistent with the prohibited defenses[43]. To violate the statute, the actor must have the required intent at the time of engaging in the prohibited conduct of solicitation. That is what renders otherwise innocent conduct criminal, and that is why whether or not a meeting happens after the solicitation and whether or not the actor intended for a meeting to happen after the solicitation is irrelevant[44]. The fact that the Defendant was engaged in a fantasy also does not matter unless, in the course of that fantasy, he chooses to solicit a minor with the intent that the minor will engage in sexual contact.

Appellant argues that the First Court of Appeals in *Maloney* and the Fourth Court of Appeals in *Zavala* contradict each other by comparing *Maloney's* description of the statute prior to engaging in its analysis with two lines from

---

[42] *See State v. Holcombe*, 187 S.W.3d 496, 499-501 (Tex. Crim. App. 2006); *Wheeler*, 478 S.W.3d at 95; *Maloney*, 294 S.W.3d at 628-629.

[43] *Zavala*, 421 S.W.3d at 231-232.

[44] *Id.*

*Zavala* with which he takes issue[45]. The actual analysis of these cases, while addressing different approaches from the defendant to the same attack, is consistent. Compare;

> Once that conduct is established, the statute provides that an accused may not defend against the charge by arguing that he was merely engaging in fantasy. Thus, the statute does not criminalize the act of fantasy, unless, as part of that 'fantasy,' a person engages in the conduct proscribed[46]

With,

> The crime of soliciting a minor under section 33.021(c) is committed, and is completed, at the time of the request, i.e., the solicitation. The requisite intent arises within the conduct of soliciting the minor, and must exist at the time of the prohibited conduct of solicitation[47].

These cases both address that it is the conduct at the time of the solicitation that matters. Further, the statute criminalizes the solicitation with the intent that the minor engage in sexual contact with the actor or another person. While Appellant attempts to simplistically read both the statute and the opinion in *Zavala* as contradictory, neither is. The statute prohibits the defense of fantasy because a person cannot solicit a child to meet and engage in sexual contact even if that solicitation is part of his or her fantasy any more than a person can engage in any

[45] Brief for Appellant p. 35-36.

[46] *Maloney,* 294 S.W.3d at 629.

[47] *Zavala*, 421 S.W.3d at 232.

20

other criminal conduct because doing so was a part of his or her fantasy. That prohibition no more proscribes adult roleplay than does the prohibition against other criminal conduct proscribe adults from roleplaying as criminals, so long as they do not actually engage in the prohibited conduct.

On its face the statute may preclude a defense that a meeting didn't occur to cover a situation where a defendant solicited a meeting with a minor for sexual contact and then feared getting caught too much to attend the meeting. The solicitation, and the crime, has already occurred. The statute may also preclude a defense that the actor did not intend for the meeting to occur because once the actor has solicited a meeting to occur the criminal conduct has happened. To put on evidence at trial and request a jury charge on the issue that he did not intend for the meeting to occur does not negate his solicitation of the meeting. The statute does not prohibit the defendant from putting on evidence that he was not actually engaging in solicitous conduct or that he was not actually soliciting a minor as defined by the statute.

This Court has itself found this statute not unconstitutionally vague despite concerns about "ageplay" and the lack of a definition of fantasy[48]. This Court

---

[48] *Mower v. State*, No. 03-14-00094-CR, 2016 Tex. App. LEXIS 3539, at *10-12 (Tex. App.— Austin April 7, 2016) (mem. op., not designated for publication).

21

noted that when the defendant in *Mower* argued, as does the Appellant here, that the statute infringed on the protected speech of two adults engaging in fantasy "ageplay," he demonstrated that the prohibited conduct and the term "fantasy" are clear and easily understood[49].

The statute's failure to define a given word does not invalidate that statute. Rather, courts must give undefined words their plain meaning[50]. That the statute does not define fantasy is of little concern because the statute regulates conduct and does not criminalize fantasy unless as a part of that fantasy, a person engages in that regulated conduct[51]. Further, the prohibition of the meeting actually occurring does not render vague a prohibition of soliciting a meeting with the required intent[52].

> When measuring the statute by common understanding and practices and when construing the statute as generally understood, the statute in place at the time of appellant's conviction gave a person of ordinary intelligence fair notice of the prohibited conduct: a person could not by an electronic communication solicit a minor or a person representing himself or herself to be a minor to meet the person for the purpose of sexual activity, and if a person did so, that person could

---

[49] *Id.* at *12

[50] *See, e.g.*, *Engleking v. State*, 750 S.W.2d 213, 215 (Tex. Crim. App. 1988); *Parker v. State*, 985 S.W.2d 460, 464 (Tex. Crim. App. 1999).

[51] *Maloney*, 294 S.W.3d at 628-629.

[52] *Id.; Collins*, 479 S.W.3d 533, 542 (Tex. App.—Eastland 2015, no pet.); *Wheeler*, 278 S.W.3d at 96.

not rely on a defense that he was engaging in fantasy at the time of the offense[53].

This logic comports well with existing law on vagueness challenges. Texas courts have previously rejected assertions that its various solicitation statutes were void for vagueness. The solicitation language in section 33.021(c) and (d) is no more vague or amorphous than the upheld statutes. Rather the language necessarily reflects an important distinction drawn by previous precedent, between the *mens rea* necessary to commit solicitation and the *mens rea* to commit the actual crime being solicited. This distinction is crucial because the State has to prove the former but not the latter.

For example, Texas courts have held a defendant completes the offense of bribery when the offer or agreement is made and cannot therefore assert as a defense that the action for which the bribe was given was never undertaken[54]. In *Mattias v. State*[55], the Texas Court of Criminal Appeals held that a person knowingly offering to engage in prostitution could be found guilty even if the person lacked the intent to actually consummate the sexual act. Subsections (c)

---

[53] *Mower v. State*, No. 03-14-00094-CR, 2016 Tex. App. LEXIS 3539, at *11 (Tex. App.—Austin April 7, 2016) (mem. op., not designated for publication).

[54] *Rath v. State*, 33 S.W. 229 (Tex. Crim. App. 1895); *Aaron v. State*, 275 S.W.2d 693, 695 (Tex. Crim. App. 1955); *Cerda v. State*, 750 S.W.2d 925, 927 (Tex. App.—Corpus Christi 1988, pet. ref'd).

[55] *Mattias v. State*, 731 S.W.2d 936, 937 (Tex. Crim. App. 1987).

and (d) of section 33.021 can be read similarly in that the statute as a whole prohibits the conduct of soliciting a minor with the intent to engage in certain sexual conduct, even if there is no intent to actually engage in that conduct. This is why subsection (d) can forbid the defenses it does without creating the kind of vagueness to which Appellant objects.

## IV. <u>RECENT LEGISLATIVE CHANGES DO NOT ALTER THESE CONCLUSIONS</u>

Appellant argues that the legislature's decision to modify the statute[56] demonstrates that the version of the statute under which Appellant has been charged is unconstitutionally overbroad and vague[57]. This argument lacks force under a simple separation of powers analysis and a review of *Marbury v.*

---

[56] Appellant challenges the statute in effect at the time the offense occurred. Effective September 1, 2015, the Texas legislature changed the definition of "minor" under section 33.021(a)(1)(A) from, " an individual who represents himself or herself to be younger than 17 years of age" to "an individual who is younger than 17 years of age," but leaving in place 33.021(a)(1)(B), defining a minor as, "an individual whom the actor believes to be younger than 17 years of age." The Texas legislature also removed sections 33.021(d)(2) and (d)(3) prohibiting the defenses that the actor did not intend for the meeting to occur and that the actor was engaging in fantasy at the time of the commission of the offense, but leaving in place 33.021(d)(1) prohibiting the defense that the meeting did not occur. Act of May 22, 2015, 84th Leg., R.S., ch. 61, §1, §2, 2015 Tex. Gen. Laws 1036.

[57] Brief for Appellant p. 27-28.

*Madison*[58] and its progeny.  The legislature makes the laws but it is the Courts that interpret them.  The fact that the legislature feared the statute was overbroad and needed changes does not mean they were correct in so fearing or that the binding precedent before this court is in error.  The legislature may change the law out of a belief about its efficacy as making and amending the law is their function.  But the Courts, and only the Courts, decide whether or not a law is constitutional.  Here, they have already done so.

Further, it is not clear the legislature had sufficient testimony to fully grasp how the section 33.021 was being interpreted or enforced.  The same statement of intent upon which Appellant relies also notes that since the Court of Criminal Appeals declared section 33.021(b) unconstitutional, "there has existed no punishable offense for online solicitation of a minor because the ruling occurred during the legislative interim.[59]"  Thus, the legislature felt the need to amend the statute to remove the portions about which Appellant now complains because whatever testimony they heard convinced them that the remaining portions of section 33.021 not declared unconstitutional by *Lo*, left no prosecutable offense.

---

[58] *Marbury v. Madison*, 5 U.S. 137 (1803)

[59] *See* Bill Analysis S.B. 344, available at:
http://www.capitol.state.tx.us/Search/DocViewer.aspx?ID=84RSB003445A&QueryText=%22S B+344%22&DocType=A

Why did they think that? On what testimony? Based on what arguments? The lack of answers that would allow this Court to evaluate the reasoning that led the legislature to amend the statute, demonstrates exactly why Appellant's reliance on those amendments is not at all persuasive.

## V. SECTION 33.021 DOES NOT VIOLATE THE DORMANT COMMERCE CLAUSE

In asserting section 33.021(c) runs afoul of the Dormant Commerce Clause of the United States Constitution, Appellant relies solely, and mistakenly, on *American Libraries Ass'n v. Pataki*[60]. The court in *Pataki* did strike down a statute criminalizing the use of communicating sexually explicit materials to minors, a statute similar to section 33.021(b) that the Court of Criminal Appeals held unconstitutional in *Ex Parte Lo*. However, that Court specifically noted that the defendants there, "[did] not challenge the sections of the statute that . . . prohibit adults from luring children into sexual contact by communicating with them via the internet.[61]" Instead, the challenged law was meant to limit the exposure of

---

[60] *American Libraries Ass'n v. Pataki*, 969 F. Supp. 160 (S.D.N.Y. 1997).

[61] *Id.* at 179.

minors to harmful content[62].

Thus, both the federal court in *Pataki* and the Court of Criminal Appeals in *Ex Parte Lo* distinguish between the purely speech oriented concerns of distributing sexually explicit content to minors and the predatory conduct of soliciting minors to meet with the intent of perpetrating crimes such as sexual assault. Appellant cites no authority for the proposition that the dormant commerce clause applies at all to section 33.021, because it does not.

Even if the dormant commerce clause did apply, section 33.021 would not violate it. The Supreme Court of the United States has made clear that statutes that even-handedly regulate to assert a legitimate local public interest and impact interstate commerce only incidentally must be upheld unless they impose a clearly excessive burden on commerce, in relation to the putative local benefits[63]. If the Court finds a legitimate local purpose, whether the law will tolerate any burden on interstate commerce depends on the nature of the local interest and whether the government can promote that interest just as well with a lesser impact on interstate activities[64].

---

[62] *Id.*

[63] *Huron Portland Cement Co. v. City of Detroit*, 362 U.S. 440, 443 (1960); *Pike v. Bruce Church*, 397 U.S. 137, 142 (1970).

[64] *Pike*, 397 U.S. at 142; *Huron Portland Cement*, 362 U.S. at 443.

Appellant does not articulate at all how section 33.021 treats inter and intra state commerce differently, most likely because it clearly does not. The statute has no regard for commercial activity at all and, as written, it matters not at all whether or not any transaction or exchange of funds occurred when determining whether or not the prohibited solicitation has occurred. With regard to the legitimate local purpose, "[t]here is no question that the State has a right—indeed a solemn duty— to protect young children from the harm that would be inflicted upon them by sexual predators.[65]" The purpose of section 33.021 is thus clearly legitimate[66]. Any burden that may exist is incidental in relation to the local benefit.[67]

Because the dormant commerce clause is so clearly inapplicable to section 33.021, this Court would do well to keep in mind the words of Supreme Court Justice Clarence Thomas regarding this judicially created doctrine: "[it] has no basis in the text of the Constitution, makes little sense, and has proved virtually unworkable in application, and, consequently, cannot serve as a basis for striking down a state statute.[68]" Especially in light of that context, this Court should not

---

[65] *Lo*, 424 S.W.3d at 21.

[66] *Id.*; *Wheeler*, 478 S.W.3d 89, 96-97 (Tex. App.—Houston [1st Dist.] 2015, pet ref'd).

[67] *Id.*

[68] *McBurney v. Young*, 133 S. Ct. 1709, 1721 (2013) (Thomas, J., concurring).

allow Appellant to jam the square peg of the dormant commerce clause into the round hole of section 33.021(c).

Therefore, Section 33.021(c) does not violate the dormant commerce clause.

<u>PRAYER</u>

Wherefore, the State respectfully requests that this Court affirm the trial court's denial of Appellant's pre-trial Application for Writ of Habeas Corpus.

Respectfully submitted,

**Jana Duty**
District Attorney
Williamson County, Texas

/s/ John C. Prezas
**John C. Prezas**
State Bar No: 24041722
Assistant District Attorney
405 Martin Luther King, Box 1
Georgetown, Texas 78626
(512) 943-1234
(512) 943-1255 (fax)
jprezas@wilco.org

## CERTIFICATE OF COMPLIANCE

I certify that, after allowable exclusions, the State's brief contains 7,658 words in compliance with Rule 9.4 of the Texas Rules of Appellate Procedure.


\_\_/s/ John C. Prezas_____
John C. Prezas


## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2016, I electronically filed the foregoing document with the clerk of the court for the Texas Court of Criminal Appeals, using the efile.txcourts.gov system. Via that system, a "Notice of Electronic Filing" was sent to Appellee's appellate attorneys of record, Robert F. Maier at robert@rfmaierlaw.com and Mark Bennet at mb@ivi3.com


\_/s/ John C. Prezas_____
JOHN C. PREZAS