Andrew **BERKOVSKY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–06–00204–CR.

Court of Appeals of Texas, Waco.

Oct. 18, 2006.

Discretionary Review Refused Feb. 14, 2007.

Frank Blazek, Smither Martin Henderson & Blazek PC, Huntsville, for appellant.

David P. Weeks, Walker County Crim. Dist. Atty., Huntsville, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

A grand jury charged Andrew Berkovsky by indictment with the offense of improper relationship between an educator and student. *See* TEX. PEN.CODE ANN. § 21.12 (Vernon Supp.2006). The indictment alleges that Berkovsky engaged in sexual contact with a student of the secondary school where Berkovsky was employed. Berkovsky filed a pretrial motion for a writ of habeas corpus in the trial court, alleging that the alleged student was 18 years old at the time of the alleged conduct and that section 21.12 is unconstitutional on its face. The trial court granted the writ, set and held a hearing, but then denied relief, finding that the statute is not facially unconstitutional.

Berkovsky now appeals that ruling. *See* TEX.R.APP. P. 31. He contends in two issues that the statute is facially void under (1) the United States Constitution because it violates a fundamental liberty interest and (2) the Texas Constitution because it violates the right to privacy. We will affirm the trial court's ruling.

Berkovsky's first issue asserts that section 21.12 is facially overbroad because it interferes with a "substantial and fundamental" liberty interest—consensual sexual conduct between adults. The Austin Court of Appeals recently and thoroughly addressed this precise issue, holding that section 21.12 does not implicate a fundamental constitutional right. *Ex parte Morales*, 212 S.W.3d 483, 488–489, 2006 WL 2032487, at *3–7 (Tex.App.-Austin July 21, 2006, no pet. h.); *see also In re Shaw*, 204 S.W.3d 9, 19 (Tex.App.-Texarkana 2006, no pet. h.) (affirming trial court's finding that section 21.12 is not unconstitutional). Berkovsky fails to persuade us that the analysis in *Morales* is faulty. We thus will follow it and overrule his first issue.

In his second issue, Berkovsky claims that the Texas Constitution provides more protection for liberty interests than the United States Constitution, and thus section 21.12 interferes with the right to privacy under the Texas Constitution. *See Bell v. Low Income Women of Texas*, 95 S.W.3d 253, 264 (Tex.2002) (discussing privacy under Texas Constitution); *City of Sherman v. Henry*, 928 S.W.2d 464, 468 (Tex.1996) (same); *Davenport v. Garcia*, 834 S.W.2d 4, 8–9 (Tex.1992) (interpreting Texas Constitution's right to free speech more broadly than its federal equivalent). Notwithstanding *Lawrence v. Texas*, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003) (holding that Texas statute making it a crime for two persons of the same sex

to engage in certain intimate sexual conduct was unconstitutional), we are not aware of, and Berkovsky does not cite, any Texas law recognizing a fundamental privacy right to consensual sexual conduct between adults. We decline to declare such a right and thus overrule Berkovsky's second issue.

We affirm the trial court's order.

Chief Justice GRAY concurs in the judgment, but not the opinion, of the court without a separate opinion.