Opinion by Justice Rodriguez
This case challenges the constitutionality of Texas Penal Code section 21.12(a)(1), which provides that "[a]n employee of a public or private primary or secondary school commits an offense if the employee ... engages in sexual contact, sexual intercourse, or deviate sexual intercourse with a person who is enrolled in a public or private primary or secondary school at which the employee works[.]" TEX. PENAL CODE ANN. § 21.12(a)(1) (West, Westlaw through 2017 1st C.S.). By a single issue, appellant Tanya Ramirez contends that section 21.12(a)(1) infringes upon her constitutionally protected fundamental rights. We affirm.
I. BACKGROUND
On September 25, 2014, a grand jury indicted Ramirez under penal code section 21.12(a)(1). See id. The indictment alleged that Ramirez violated section 21.12(a)(1) by engaging in sexual intercourse with a student, T.P., a pseudonym, who was enrolled at the high school where Ramirez was employed (Count 1). See id.
On March 17, 2015, Ramirez filed a motion to dismiss and/or a motion for declaratory judgment, arguing that the statute is not directed at truly protecting children, but rather at criminalizing her fundamental First Amendment right to privacy. In her motion, Ramirez contended that section 21.12 was facially unconstitutional because, in relevant part, it implicated her fundamental right to privacy under the First Amendment, was content-based, and did not satisfy the strict scrutiny standard. On August 8, 2015, the trial court denied Ramirez's motion.
On September 3, 2015, the indictment was amended. The grand jury indicted Ramirez for violating section 21.12(a)(1) by engaging in sexual intercourse with T.P. and with a second student, B.J., a pseudonym, who was also enrolled at the same high school (Count 2). See id. Ramirez filed no motion to dismiss the charges against her with regard to B.J.
On January 11, 2016, Ramirez pleaded guilty to Count 1 and no contest to Count 2. The trial court convicted Ramirez on both counts and sentenced her to five years in the Institutional Division of the Texas Department of Criminal Justice on Counts 1 and 2, with the sentences to run concurrently. Suspending her sentences of confinement, the trial court placed Ramirez on community supervision for seven years and assessed a fine of $4,000 and restitution of $400. This appeal followed.
II. DISCUSSION
By her sole issue on appeal, Ramirez contends that section 21.12 of the Texas Penal Code infringes upon and criminalizes constitutionally protected fundamental *719 rights guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. See U.S. CONST. AMEND. XIV § 1 ; TEX. PENAL CODE ANN. § 21.12. She asserts that consensual sex should be included among rights of personal privacy that relate to the fundamental rights of marriage, procreation, contraception, family relationships, child rearing, and education.
Ramirez further argues that because section 21.12 implicates what she alleges to be a fundamental right regarding sexual conduct between two consenting adults, we should utilize the strict-scrutiny standard of review and not the rational-basis standard. See TEX. PENAL CODE ANN. § 21.12. She reasons that because section 21.12 cannot pass the strict-scrutiny test, we should strike it down. See id.
A. The Right for Adults to Have Consensual Sex is not a Fundamental Right Protected by the Due Process Clause.
We first determine whether the right of adults to engage in consensual sex is a fundamental constitutional right. See , e.g. , Toledo v. State, 519 S.W.3d 273, 279-83 (Tex. App.-Houston [1st Dist.] 2017, pet. ref'd). "A fundamental right or liberty interest is one that is 'deeply rooted in this Nation's history and tradition' and 'implicit in the concept of ordered liberty.' " Id. at 280 (quoting Chavez v. Martinez , 538 U.S. 760, 775, 123 S.Ct. 1994, 155 L.Ed.2d 984 (2003) ). As we explain below, a careful reading of the two leading cases from the United State Supreme Court directs us to conclude that consensual sex is not a fundamental right. And many Texas courts have reached the same conclusion.
1. Supreme Court Cases
a. Obergefell v. Hodges
Most recently, in Obergefell v. Hodges , the United States Supreme Court held that "same-sex couples may exercise the fundamental right to marry." --- U.S. ----, 135 S.Ct. 2584, 2605-06, 192 L.Ed.2d 609 (2015). In so holding, the Court set out the following general principles:
Under the Due Process Clause of the Fourteenth Amendment, no State shall "deprive any person of life, liberty, or property, without due process of law." The fundamental liberties protected by this Clause include most of the rights enumerated in the Bill of Rights. In addition these liberties extend to certain personal choices central to individual dignity and autonomy, including intimate choices that define personal identity and beliefs.
The identification and protection of fundamental rights is an enduring part of the judicial duty to interpret the Constitution. That responsibility, however, "has not been reduced to any formula." Rather, it requires courts to exercise reasoned judgment in identifying interests of the person so fundamental that the State must accord them its respect. That process is guided by many of the same considerations relevant to analysis of other constitutional provisions that set forth broad principles rather than specific requirements. History and tradition guide and discipline this inquiry but do not set its outer boundaries. That method respects our history and learns from it without allowing the past alone to rule the present.
The nature of injustice is that we may not always see it in our own times. The generations that wrote and ratified the Bill of Rights and the Fourteenth Amendment did not presume to know the extent of freedom in all of its dimensions, and so they entrusted to future generations a charter protecting the *720 right of all persons to enjoy liberty as we learn its meaning. When new insight reveals discord between the Constitution's central protections and a received legal stricture, a claim to liberty must be addressed.
Applying these established tenets, the Court has long held the right to marry is protected by the Constitution.... Over time ..., the Court has reiterated that the right to marry is fundamental under the Due Process Clause.
Id. at 2597-98 (quotations and citations omitted).
While Ramirez accurately references these propositions in support of her appellate arguments, we cannot agree with Ramirez's assertion that "[t]he Obergefell Court, although not dealing with a criminal statute, ... tells us that intimacy between consenting adults is a fundamentally protected right." The issue presented in Obergefell is whether same-sex couples have the right to marry. See ids="12591054" index="8" url="https://cite.case.law/s-ct/135/2584/#p2605">id. at 2602. In concluding that the fundamental right to marriage applies equally to same-sex couples, the Obergefell Court set out that marriage is "part of the liberty promised by the Fourteenth Amendment." Id. Throughout its opinion, while the Supreme Court discussed marriage as a fundamental right, the Obergefell Court referred to consensual sex, not as a fundamental right, but as an "intimate association."[1] Id. at 2600. It quoted language from Lawrence v. Texas describing it as "one element in a personal bond that is more enduring." See ids="12591054" index="11" url="https://cite.case.law/s-ct/135/2584/#p2605">id. (quoting Lawrence , 539 U.S. 558, 567, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003) ). We will not broadly construe Obergefell 's discussion of intimacy as a determination that intimacy, particularly sexual intimacy, between consenting adults is a fundamental right, as Ramirez urges.
b. Lawrence v. Texas
In Lawrence , the United States Supreme Court held that the Fourteenth Amendment's Due Process Clause affords consenting adults the right to engage in private sexual relationships free from government intrusion, thus, invalidating Texas's sodomy statute. 539 U.S. at 578, 123 S.Ct. 2472. As our sister court in Houston noted, Lawrence found that a liberty interest protected the private sexual conduct at issue, but nowhere did the Supreme Court describe that liberty interest as a fundamental interest.[2] See Toledo , 519 S.W.3d at 280-81. Justice Scalia recognized as much in his dissenting opinion in Lawrence : "[N]owhere does the Court's opinion declare that homosexual sodomy is a 'fundamental right' under the Due Process Clause...." 539 U.S. at 586, 123 S.Ct. 2472 (Scalia, J., dissenting).
*721 Lawrence also reviewed the right for adults to have consensual sex not as a fundamental right using a strict-scrutiny review, but as a non-fundamental right using language that applied a rational-basis review. 539 U.S. at 578, 123 S.Ct. 2472 ("The Texas statute furthers no legitimate state interest which can justify its intrusion into the personal and private life of the individual."); Toledo , 519 S.W.3d at 281 ("Given the limits expressed in Lawrence , and its application of a rational basis test in that case, we apply the rational basis test and examine whether section 21.12 furthers a legitimate state interest."); see Ex parte Abell , 613 S.W.2d 255, 266 (Tex. 1981) ("[W]here a privacy interest has been recognized but not afforded 'fundamental' status, the [S]tate need only show a rational basis for its interference or regulation in the area."). Furthermore, in the Lawrence dissent, Justice Scalia wrote that the majority refused "to subject the Texas law to the standard of review that would be appropriate (strict scrutiny) if homosexual sodomy were a 'fundamental right.' " 539 U.S. at 586, 123 S.Ct. 2472 (Scalia, J., dissenting).
2. Court of Appeals' Cases
In addition to following Lawrence and utilizing a rational-basis review to examine section 21.12, the Toledo Court also concluded that, as did the Lawrence Court, the interest is not absolute: "the Supreme Court [in Lawrence ] recognized that the liberty interest that it recognized did not extend to sexual conduct involving prostitution, minors, or ... 'persons who might be injured or coerced or who are situated in relationships where consent might not be easily refused.' " Toledo , 519 S.W.3d at 281 (quoting Lawrence , 539 U.S. at 578, 123 S.Ct. 2472 ). And, finally, a number of other Texas appellate courts have concluded that section 21.12 does not implicate a fundamental right. See Ex parte Morales , 212 S.W.3d 483, 492-93 (Tex. App.-Austin 2006, pet. ref'd) (summarizing cases that construe the Lawrence liberty interest under the U.S. Constitution (or a privacy interest under the Texas Constitution) not to be a fundamental right); Berkovsky v. State , 209 S.W.3d 252 (Tex. App.-Waco 2006, pet. ref'd) (same); In re Shaw , 204 S.W.3d 9, 14-17 (Tex. App.-Texarkana 2006, pet. ref'd) (assuming without deciding that the right of adults to consensual sex is fundamental, the court rejected due-process contentions that section 21.12 is void for vagueness); see also Painter v. State , No. 11-15-00318-CR, 2017 WL 6559653, at *4 (Tex. App.-Eastland Dec. 21, 2017, no pet. h.) (mem. op., not designated for publication) (following Toledo in concluding that section 22.011(b)(4) of the penal code"does not implicate a 'fundamental right' "); but see Paschal v. State , 2012 Ark. 127, 388 S.W.3d 429, 434-37 (2012) (finding a statute that criminalized sexual conduct between a teacher and an eighteen-year-old student infringed upon a fundamental right to privacy under the Arkansas Constitution).
3. Summary
We agree with our sister courts. The right Ramirez asserts in this case, unlike a fundamental right, does not define personal identity and beliefs, is not so fundamental that the State must accord it respect, and is not implicit in the concept of ordered liberty. See Obergefell , 135 S.Ct. at 2597-98 ; Chavez , 538 U.S. at 775, 123 S.Ct. 1994. So we conclude that section 21.12 of the Texas Penal Code does not infringe upon a fundamental right. See TEX. PENAL CODE ANN. § 21.12.
B. Where an Interest Is Recognized but not Afforded Fundamental Status, the State Need Only Show a Rational Basis for the Statute
On the premise that we would conclude that the right at issue is a fundamental *722 right, Ramirez argues that section 21.12 does not survive strict-scrutiny review. See Ex parte Abell , 613 S.W.2d at 266 ("When the court finds a personal privacy right to be fundamental, the [S]tate must show a compelling interest before invading the designated zone of privacy [strict-scrutiny standard]."). For example, Ramirez contends that, under the strict-scrutiny standard, "preventing sexual exploitation of Texas 'schoolchildren,' is not the least restrictive means available to carry out the State's interest because it is both overinclusive and underinclusive."
Because we have concluded that section 21.12 does not involve a fundamental right, Ramirez's strict-scrutiny arguments are not applicable. The standard under which we would review a challenge to a non-fundamental constitutional right is whether the State has shown a rational basis for the statute. See ids="9962814" index="39" url="https://cite.case.law/sw2d/613/255/#p266">id. We need not address her strict-scrutiny arguments. See TEX. R. APP. P. 47.1.
C. Disposition of Issue
We overrule Ramirez's sole issue.
III. CONCLUSION
We affirm the judgment of the trial court.

The Supreme Court discussed four bases or premises for demonstrating "that the reasons marriage is fundamental under the Constitution apply with equal force to same-sex couples." Obergefell v. Hodges , --- U.S. ----, 135 S.Ct. 2584, 2589, 192 L.Ed.2d 609 (2015). The fourth basis examined marriage as "a keystone of our social order." Id. at 2601. During the Court's discussion of this basis, it referred to its previous discussions of "other fundamental rights, including marriage and intimacy." Id. at 2602. We read the Court's reference to intimacy in the context of its discussion of the right to marry.

In Obergefell, the United States Supreme Court recognized that, in Lawrence v. Texas, while addressing a criminal statute, it held that,
same-sex couples have the same right as opposite-sex couples to enjoy intimate association. Lawrence invalidated laws that made same-sex intimacy a criminal act. And [Lawrence ] acknowledged that "[w]hen sexuality finds overt expression in intimate conduct with another person, the conduct can be but one element in a personal bond that is more enduring."
Obergefell, 135 S.Ct. at 2600 (quoting Lawrence , 539 U.S. 558, 567, 123 S.Ct. 2472 (2003) ).