

NUMBER 13-18-00572-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**BRIAN SELLERS,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                 **Appellee.**

### On appeal from the 319th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Hinojosa
Memorandum Opinion by Chief Justice Contreras**

Last year, this Court held in *Ramirez v. State* that Texas Penal Code § 21.12, which criminalizes sexual contact between an educator and student regardless of age, does not violate substantive due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. 557 S.W.3d 717, 721 (Tex. App.—Corpus

Christi 2018, pet. ref'd) (holding that the statute "does not infringe upon a fundamental right" and therefore declining to apply a strict scrutiny review), *cert. denied*, 139 S. Ct. 799 (2019); *see* TEX. PENAL CODE ANN. § 21.12 (West, Westlaw through 2017 1st C.S.). In this case, appellant Brian Sellers was indicted on six second-degree-felony counts under § 21.12 and the trial court denied his motion to declare the statute unconstitutional and dismiss the charges. Pursuant to a plea agreement, appellant pleaded guilty and he was sentenced to eight years' deferred adjudication community supervision.[1] On appeal, he argues by two issues that *Ramirez* was incorrectly decided because: (1) consenting adults[2] have a "fundamental right" to engage in private, consensual, non-commercial sexual relationships; and (2) § 21.12 infringes upon that right. We affirm.

## I. APPELLANT'S ARGUMENT

As in *Ramirez*, the bulk of appellant's brief focuses on establishing that § 21.12 is unconstitutional because it fails to survive "strict scrutiny"—that is, it is not narrowly tailored to serve a compelling state interest. *See, e.g., Lawrence v. Texas*, 539 U.S. 558, 593 (2003). Strict scrutiny is applied as a constitutional test only if the allegedly infringed liberty interest is a "fundamental right." *Id.*

Appellant concedes that the "facts, subject matter, and issues" in his case are "nearly identical" to those considered in *Ramirez*. He argues, though, that we erred in *Ramirez* by concluding that the United States Supreme Court's opinion in *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015), did not recognize "sexual intimacy" as a "fundamental

---

[1] Appellant was also charged with four counts of authorizing or inducing sexual conduct or sexual performance by a child. *See* TEX. PENAL CODE ANN. § 43.25 (West, Westlaw through 2017 1st C.S.). These charges were dismissed as part of the plea agreement.

[2] The student with whom Sellers was alleged to have engaged in an improper relationship was 17 or 18 years old at the time of the alleged offenses. *See id.* § 22.011(c)(1) (Westlaw through 2017 1st C.S.) (defining "child" as "a person younger than 17 years of age").

right."  *See Ramirez*, 557 S.W.3d at 720 ("We will not broadly construe *Obergefell*'s discussion of intimacy as a determination that intimacy, particularly sexual intimacy, between consenting adults is a fundamental right, as Ramirez urges.").  In arguing that *Obergefell* "specifically stated that the kind of intimacy it discusses is sexual intimacy and that sexual intimacy is a fundamental right," appellant points to the following paragraph:

> This is not the first time the Court has been asked to adopt a cautious approach to recognizing and protecting fundamental rights.  In *Bowers*, a bare majority upheld a law criminalizing **same-sex intimacy**.  *See* [*Bowers v. Hardwick*], 478 U.S.[186], 186, 190–95 [(1986)].  That approach might have been viewed as a cautious endorsement of the democratic process, which had only just begun to consider the rights of gays and lesbians.  Yet, in effect, *Bowers* upheld state action that denied gays and lesbians a **fundamental right** and caused them pain and humiliation.  As evidenced by the dissents in that case, the facts and principles necessary to a correct holding were known to the *Bowers* Court.  *See id.* at 199 (Blackmun, J., joined by Brennan, Marshall, and Stevens, JJ., dissenting); *id.* at 214 (Stevens, J., joined by Brennan and Marshall, JJ., dissenting).  That is why *Lawrence* held *Bowers* was "not correct when it was decided."  539 U.S. at 578.  Although *Bowers* was eventually repudiated in *Lawrence*, men and women were harmed in the interim, and the substantial effects of these injuries no doubt lingered long after *Bowers* was overruled.  Dignitary wounds cannot always be healed with the stroke of a pen.

*Obergefell*, 135 S. Ct. at 2606 (emphasis supplied by appellant).  Appellant contends that "[t]his Court now has a second bite at the apple so to speak with a unique opportunity to correct its opinion in *Ramirez* and to recognize Appellant's fundamental right to sexual intimacy in a private, non-commercial, consensual sexual relationship."

## II. DISCUSSION

Under the doctrine of *stare decisis*, courts should follow clearly established precedent on matters of law in order to "promote judicial efficiency and consistency, encourage reliance on judicial decisions, and contribute to the integrity of the judicial process."  *Paulson v. State*, 28 S.W.3d 570, 571 (Tex. Crim. App. 2000).  "But if we conclude that one of our previous decisions was poorly reasoned or is unworkable, we

3

do not achieve these goals by continuing to follow it." *Id.* at 571–72.

Because our decision in *Ramirez* was not "poorly reasoned or unworkable," we decline to revisit it. First, although the actions of the higher courts in this case have no precedential value, *see Equal. Found. of Greater Cincinnati, Inc. v. City of Cincinnati*, 525 U.S. 943, 943 (1998) (Stevens, J., on denial of petition for writ of certiorari) ("[T]he denial of a petition for a writ of certiorari is not a ruling on the merits."); *Sheffield v. State*, 650 S.W.2d 813, 814 (Tex. Crim. App. 1983) ("[S]ummary refusal of a petition for discretionary review by this Court is of no precedential value."), it is noteworthy that the Texas Court of Criminal Appeals and the United States Supreme Court have denied a petition for discretionary review and a petition for writ of certiorari, respectively, in *Ramirez*.

Second, as we noted in *Ramirez*, the only liberty interest asserted in *Obergefell* was the right of same-sex couples to marry. 557 S.W.3d at 720 (citing *Obergefell*, 135 S. Ct. at 2602). The petitioners in that case did not assert the right to sexual intimacy between consenting adults. Thus, although the *Obergefell* Court may have suggested that *Bowers* "in effect" concerned a "fundamental right," that statement was dicta. *See, e.g., Wolfe v. State*, 120 S.W.3d 368, 374 (Tex. Crim. App. 2003) (Keasler, J., dissenting) (noting that "[s]tatements that are unnecessary to the issue upon which the Court is writing" are dicta and not binding under *stare decisis*). And because the statement was made in passing, without deliberate consideration or analysis, we cannot say that it constitutes controlling precedent. *Cf. Edwards v. Kaye*, 9 S.W.3d 310, 314 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (noting that "judicial dictum," a statement "made very deliberately after mature consideration and for future guidance in the conduct of litigation," is "at least persuasive and should be followed unless found to be erroneous")

4

(citing *Palestine Contractors, Inc. v. Perkins*, 386 S.W.2d 764, 773 (Tex. 1964)).

Third, even if the above-quoted paragraph in *Obergefell* may be considered something more than mere dicta, it is not an unequivocal declaration that sexual intimacy is a fundamental constitutional right, as appellant contends. In observing that "in effect, *Bowers* upheld state action that denied gays and lesbians a fundamental right," the *Obergefell* Court was alluding to *Lawrence*, which explicitly overruled *Bowers* in part because the *Bowers* Court "misapprehended the claim of liberty there presented":

> The Court began its substantive discussion in *Bowers* as follows: "The issue presented is whether the Federal Constitution confers a fundamental right upon homosexuals to engage in sodomy and hence invalidates the laws of the many States that still make such conduct illegal and have done so for a very long time." [*Bowers*, 478 U.S.] at 190. That statement, we now conclude, discloses the Court's own failure to appreciate the extent of the liberty at stake. To say that the issue in *Bowers* was simply the right to engage in certain sexual conduct demeans the claim the individual put forward, just as it would demean a married couple were it to be said marriage is simply about the right to have sexual intercourse. The laws involved in *Bowers* and here are, to be sure, statutes that purport to do no more than prohibit a particular sexual act. Their penalties and purposes, though, have more far-reaching consequences, touching upon the most private human conduct, sexual behavior, and in the most private of places, the home. The statutes do seek to control a personal relationship that, whether or not entitled to formal recognition in the law, is within the liberty of persons to choose without being punished as criminals.

*Lawrence*, 539 U.S. at 566–67. This passage illustrates that the liberty interest claimed in *Bowers* encompassed more than just sexual behavior—instead, it also implicated the petitioner's right to be free from government interference in "personal relationship[s]." *See id.* at 567 ("When sexuality finds overt expression in intimate conduct with another person, the conduct can be but one element in a personal bond that is more enduring."). Accordingly, when read in the proper context, *Obergefell*'s assertion that the statute at issue in *Bowers* "in effect . . . denied" a "fundamental right" does not reveal an intent by the Court to accord "fundamental" status to the right to engage in private, consensual

sexual relations.

For the foregoing reasons, *Obergefell* sheds no light on the character of the liberty interest asserted by appellant in this case. Therefore, we rely on prior case law such as *Lawrence*, which applied a "rational basis" standard in determining the constitutionality of a law infringing on the right to consensual sexual relations, thereby clearly indicating that the Supreme Court considers this right to be non-fundamental. *See Lawrence*, 539 U.S. at 578 ("The Texas statute furthers no legitimate state interest which can justify its intrusion into the personal and private life of the individual."); *Ex parte Abell*, 613 S.W.2d 255, 266 (Tex. 1981) ("[W]here a privacy interest has been recognized but not afforded 'fundamental' status, the [S]tate need only show a rational basis for its interference or regulation in the area."); *Toledo v. State*, 519 S.W.3d 273, 281 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) ("Given the limits expressed in *Lawrence*, and its application of a rational basis test in that case, we apply the rational basis test and examine whether section 21.12 furthers a legitimate state interest."); *see also Agostini v. Felton*, 521 U.S. 203, 237 (1997) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.").

As in *Ramirez*, because appellant has not asserted a "fundamental right," we do not address his arguments regarding whether § 21.12 survives strict scrutiny. *See Ramirez*, 557 S.W.3d at 722; *see also* TEX. R. APP. P. 47.1.[3]

---

[3] Appellant does not dispute that the statute would satisfy the "rational basis" test.

### III. Conclusion

We overrule appellant's issues and affirm the judgment of the trial court.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of May, 2019.