

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00226-CR

———————————————

PIERRE ANDREWS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. F22-2654-16

---

Before Sudderth, C.J.; Birdwell and Walker, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

In a single issue, Pierre Andrews challenges, on double-jeopardy grounds, his convictions and concurrent sentences for two counts of improper relationship between a student and educator.[1] *See* Tex. Penal Code § 21.12. We affirm.

## Background

While employed as a coach at a Texas public school, Andrews engaged in a sexual relationship with one of the school's students. The complainant testified that she and Andrews engaged in sexual acts in his classroom during the school day, starting when she was sixteen and continuing until she was seventeen. According to the complainant, these acts included around fifty instances of her giving him oral sex and at least forty instances of them engaging in sexual intercourse, which occurred "almost every time there was oral sex, . . . with [the] exception of a few times."

Andrews was charged with four criminal offenses: (1) one count of sexual assault by intentionally or knowingly penetrating the sexual organ of the complainant when she was under seventeen; (2) one count of sexual assault by intentionally or

---

[1]Although Andrews did not complain about this issue in the trial court, a double-jeopardy complaint may be raised for the first time on appeal when (1) the undisputed facts show that the violation is apparent from the record's face and (2) enforcement of the usual procedural-default rules serves no legitimate purpose. *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). Andrews also raised four issues related to judgment errors, but as the State has pointed out in its brief, those issues are moot because the trial court has entered judgments nunc pro tunc that resolve the complaints. *See Chacon v. State*, 745 S.W.2d 377, 378 (Tex. Crim. App. 1988) ("Generally a cause, issue or proposition is or becomes moot when it does not, or ceases to, rest on any existing fact or right.").

knowingly penetrating the under-seventeen-year-old complainant's mouth; (3) one count of improper relationship between an educator[2] and student by engaging in sexual intercourse with the complainant; and (4) one count of improper relationship between an educator and student by engaging in deviate sexual intercourse "by placing his genitals in contact with the mouth of the complainant."

A jury acquitted Andrews of the two sexual-assault counts but convicted him of both improper-relationship counts. On appeal, Andrews contends that punishing him for two separate improper-relationship offenses with the same complainant impermissibly subjects him to multiple punishments in violation of the United States and Texas constitutions.

## Applicable Law and Standard of Review

The Double Jeopardy Clause provides that no person shall have life or limb twice put in jeopardy for the same offense. U.S. Const. amend. V; *see also* Tex. Const. art. I, § 14.[3] Generally, this provision protects against impermissible successive prosecutions and multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S.

---

[2]Although the statute defining the offense is entitled "Improper Relationship Between Educator and Student," it applies to "employee[s]" of public and private primary and secondary schools, not just teachers. *See* Tex. Penal Code § 21.12. In this opinion, we use the terms interchangeably.

[3]Andrews does not argue that the Texas constitution provides any greater protection in this context. *See Ex parte Mitchell*, 977 S.W.2d 575, 580 (Tex. Crim. App. 1997) (noting the Court's long-standing precedent holding that the double-jeopardy provisions of both constitutions provide "substantially identical protections").

161, 165, 97 S. Ct. 2221, 2225 (1977); *Nawaz v. State*, 663 S.W.3d 739, 743 (Tex. Crim. App. 2022); *see Ex parte Estevez*, 713 S.W.3d 913, 918 (Tex. Crim. App. 2025).

How we review a multiple-punishments double-jeopardy complaint differs depending on whether the convictions arose from the same or different statutes. When the convictions are for offenses described within the same statute, we perform only a "units analysis." *See Ex parte Benson*, 459 S.W.3d 67, 71 (Tex. Crim. App. 2015); *see also Nawaz*, 663 S.W.3d at 744–45 & n.6 (noting that, even within same subsection, a statute might contain "more than one distinct theory for how the offense may be committed"). If the offenses are the same according to that analysis, then multiple punishments are prohibited. *Benson*, 459 S.W.3d at 71.

A units analysis starts with determining the "allowable unit of prosecution" according to statutory-construction principles and "generally requires ascertaining the focus or gravamen of the offense." *Benson*, 459 S.W.3d at 73–74; *see also Nawaz*, 663 S.W.3d at 744; *Ex parte Hawkins*, 6 S.W.3d 554, 556–57 (Tex. Crim. App. 1999). In making this determination, we may look to cases construing the statute for other purposes because "the issue is the same: the meaning of the statute." *Nawaz*, 663 S.W.3d at 746 (quoting *Jones v. State*, 323 S.W.3d 885, 889 (Tex. Crim. App. 2010)). If the allowable unit of prosecution is the same, we then determine how many units have been shown based on the record. *Nawaz*, 663 S.W.3d at 744; *Benson*, 459 S.W.3d at 73.

A statute's proper construction is a question of law that we review de novo. *Joe v. State*, 726 S.W.3d 482, 486 (Tex. Crim. App. 2025). "Statutory construction depends

4

on the plain meaning of the statute's language unless it is ambiguous or the plain meaning would lead to absurd results that the legislature could not have possibly intended." *Lopez v. State*, 600 S.W.3d 43, 45 (Tex. Crim. App. 2020). We determine plain meaning by reading the statute in context, and in doing so, we must give effect to each word, phrase, clause, and sentence if reasonably possible, construing them "according to any applicable technical definitions and otherwise according to the rules of grammar and common usage." *Joe*, 726 S.W.3d at 486 (quoting *Lopez*, 600 S.W.3d at 45). "If the plain meaning is not ambiguous or does not lead to absurd results, we do not consider extra-textual factors." *Lopez*, 600 S.W.3d at 45.

"The foundational rule of statutory construction is to presume that the legislature meant what it said." *Joe*, 726 S.W.3d at 486. This requires showing "respect for the legislature" and recognizing that if it "enacted into law something different from what it intended, it should amend the statute to conform to its intent." *Id.* (quoting *Getts v. State*, 155 S.W.3d 153, 158 (Tex. Crim. App. 2005)).

Construing a statute to determine its allowable unit of prosecution requires determining the offense's proper classification, either "as a result-of-, nature-of-, or circumstances-surrounding-conduct offense." *Ortiz v. State*, 623 S.W.3d 804, 806 (Tex. Crim. App. 2021). Result-of-conduct offenses "concern the product of certain conduct," i.e., they are concerned with the result, and thus the result is the unit of prosecution. *See Stevenson v. State*, 499 S.W.3d 842, 850 (Tex. Crim. App. 2016); *Young v. State*, 341 S.W.3d 417, 423 (Tex. Crim. App. 2011) (listing murder as an example).

Nature-of-conduct offenses, on the other hand, punish the act or conduct proscribed, regardless of the result; thus, the different types of conduct described in the statute are considered separate offenses. *Stevenson*, 499 S.W.3d at 850; *Young*, 341 S.W.3d at 423 (noting that many sex offenses are nature-of-the-conduct crimes). And circumstances-of-conduct offenses "prohibit otherwise innocent behavior that becomes criminal only under specific circumstances." *Young*, 341 S.W.3d at 423 (providing unlawful firearm discharge as an example). If an offense's focus is the circumstances surrounding the conduct, then the different acts described provide alternative methods of committing the same offense—i.e., different manner and means—rather than define separate offenses. *Stevenson*, 499 S.W.3d at 850–51 (also holding that violation of civil-commitment order is a circumstances-of-conduct offense).

An offense may have more than one focus, and if so, one may predominate or all may be equally significant. *Ortiz*, 623 S.W.3d at 806. Importantly, most sex offenses are classified as nature-of-conduct offenses in which the specific acts described define separate offenses. *See, e.g., Metcalf v. State*, 597 S.W.3d 847, 857 (Tex. Crim. App. 2020) ("[S]exual assault is a nature-of-conduct offense"; thus, "penetration of the anus and sexual organ constitute discrete acts."); *Aekins v. State*, 447 S.W.3d 270, 278 (Tex. Crim. App. 2014) (holding, in describing sexual-assault statute, that "[a] person who commits more than one sexual act against the same person may be convicted and punished for each separate and discrete act, even if those acts were committed in

6

close temporal proximity"); *Loving v. State*, 401 S.W.3d 642, 649 (Tex. Crim. App. 2013) ("[T]he gravamen of the indecency-with-a-child statute is the nature of the prohibited conduct, regardless of whether the accused is charged with contact or exposure"; thus, "the commission of each prohibited act determines how many convictions may be had"); *Gonzales v. State*, 304 S.W.3d 838, 847–49 (Tex. Crim. App. 2010) (explaining that aggravated-sexual-assault statute is conduct-oriented and holding that different conduct types described in same subsection of aggravated-assault statute constituted distinct offenses and citing *Vick v. State*, 991 S.W.2d 830, 832–33 (Tex. Crim. App. 1999)); *see also Hernandez v. State*, 631 S.W.3d 120, 124 (Tex. Crim. App. 2021) ("[S]ex offenses are narrowly focused, and the statutes defining sex offenses minutely detail the prohibited conduct."). *But cf. Jourdan v. State*, 428 S.W.3d 86, 95–96 (Tex. Crim. App. 2014) (construing Penal Code Section 22.021(a)(1)(A)(i)—which makes it an offense to, without the complainant's consent, cause the penetration of the sexual organ or anus "by any means"—to bar multiple punishments for digital penetration and penile penetration of the vagina during the same episode but to allow multiple punishments for vaginal and anal penetration during the same episode).

## Section 21.12(a)(1) Describes Different Offenses

### Arguments on Appeal

Andrews contends that Section 21.12 establishes a "circumstances surrounding the conduct" offense, in which the focus is on the employee–student relationship

7

rather than on the specific sexual acts defined or how many times they occurred with the same complainant. Therefore, he contends that the unit of prosecution for this offense is the relationship itself and that, here, there can be only one unit of prosecution. He also argues that "the State cannot bifurcate multiple convictions from the same subsection of the statute."

The State, on the other hand, urges that Section 21.12(a)(1)'s language "demonstrates a legislative intent to criminalize discrete sexual acts rather than the existence of an educator-student relationship."

**Section 21.12 Elements**

Penal Code Section 21.12(a)(1) provides in part that "[a]n employee of a public or private primary or secondary school commits an offense if the employee . . . engages in sexual contact, sexual intercourse, or deviate sexual intercourse with a person who is enrolled in a public or private primary or secondary school at which the employee works." Tex. Penal Code § 21.12(a)(1). The Penal Code defines "[s]exual intercourse" as "any penetration of the female sex organ by the male sex organ" and "[d]eviate sexual intercourse" in part as "any contact between any part of the genitals of one person and the mouth . . . of another person." *Id.* § 21.01(1)(A), (3).[4] Sexual contact is defined specifically as the following acts if done with the intent to arouse or gratify any person's sexual desire: touching of the complainant's anus, breast, or

_____

[4]Other acts are included in the definition of deviate sexual intercourse, but we confine our discussion in this opinion solely to the alleged genital-to-mouth contact.

genitals; or any touching of any part of the complainant's body with the employee's anus, breast, or genitals. *Id.* § 21.12(e).

Section 21.12 criminalizes the conduct described even in circumstances in which it would not otherwise be criminal but for the actor's status as a school employee and the complainant's status as a student. *See Ramirez v. State*, 557 S.W.3d 717, 719–21 (Tex. App.—Corpus Christi–Edinburg 2018, pet. ref'd); *Toledo v. State*, 519 S.W.3d 273, 280–83 (Tex. App.—Houston [1st. Dist.] 2017, pet. ref'd); *Collins v. State*, 479 S.W.3d 533, 538 (Tex. App.—Eastland 2015, no pet.) (mem. op., not designated for publication); *Colleps v. State*, Nos. 02-12-00396–400-CR, 2014 WL 1324422, at *2–3 (Tex. App.—Fort Worth Apr. 3, 2014, no pet.) (per curiam) (mem. op., not designated for publication); *Ex parte Morales*, 212 S.W.3d 483, 490–96 (Tex. App.—Austin 2006, pet. ref'd). In this way, the statute parallels the indecency-with-a-child statute that criminalizes sexual contact with a person under seventeen—conduct that would be legal but for the complainant's status as a minor. *See* Tex. Penal Code § 21.11; *Irielle v. State*, 441 S.W.3d 868, 876 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Section 21.12 has two affirmative defenses: (1) that " the actor was the spouse of the enrolled person at the time of the offense"; and (2) that "the actor was not more than three years older than the enrolled person and, at the time of the offense, the actor and the enrolled person were in a relationship that began before the actor's employment." Tex. Penal Code § 21.12(b-1). Section 21.12 also specifically provides

9

that "[i]f conduct constituting an offense under [that] section also constitutes an offense under another [Penal Code] section . . . , the actor may be prosecuted under either section or both sections." *Id.* § 21.12(c); *see Mauro v. State*, 221 S.W.3d 896, 903–06 (Tex. App.—Beaumont 2007, no pet.) (holding that use of the word "prosecuted" in subsection (c) indicated legislative intent to allow multiple punishments of conduct under Section 21.12 and other applicable statutes).

Section 21.12 is intended to prohibit school employees from using their access to, and inherent power over, students to engage in sexual relationships with them and also to prevent disruption of the educational environment. *See Colleps*, 2014 WL 1324422, at *3; *Mauro*, 221 S.W.3d at 904; *see also Toledo*, 519 S.W.3d at 281 (noting that Texas has a rational interest in prohibiting such conduct to (1) prevent harm to students susceptible to coercion, or unable to easily refuse, due to the inherent power imbalance present in the educational setting and (2) preserve an educational environment conducive to learning); *Morales*, 212 S.W.3d at 494 (same).

### Irielle v. State

Our analysis of Section 21.12 is informed by the Fourteenth Court of Appeals's opinion in *Irielle v. State*, in which that court determined the classification and gravamen of a substantively similar statute that uses Section 21.12(a)(1)'s same conduct description—Penal Code Section 39.04(a)(2), which prohibits "sexual contact, sexual intercourse, or deviate sexual intercourse" between a correctional

10

employee and a person in custody.[5] In that case, the appellant had been charged with having the complainant give him oral sex. 441 S.W.3d at 872–73.

The court construed the statute using the eighth-grade grammar test as illustrated by the Texas Court of Criminal Appeals in its construction of the indecency-with-a-child statute in *Pizzo v. State*, 235 S.W.3d 711, 716–19 (Tex. Crim. App. 2007). *Irielle*, 441 S.W.3d at 875–76; *see Stuhler v. State*, 218 S.W.3d 706, 718 (Tex. Crim. App. 2007) (describing eighth-grade grammar test as a general rule of thumb for determining legislative intent that requires the court to at the very least determine the statute's subject, main verb, and direct object if the main verb requires one). Like the Court of Criminal Appeals did with the then-applicable version of the indecency statute in *Pizzo*, the Fourteenth Court determined that because the conduct included in the definition of "sexual contact" in Section 39.04(a)(2) was the focus of the offense, the acts described—"sexual contact," "sexual intercourse," and "deviate sexual intercourse"—are elemental and therefore describe separate offenses. *Irielle*, 441 S.W.3d at 875–76; *see also Pizzo*, 235 S.W.3d at 715–19.[6]

---

[5]These terms also have the same definitions as they do in Section 21.12. Tex. Penal Code § 39.04(e)(3).

[6]The version of the indecency statute under which Pizzo was charged provided that "[a] person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he: (1) engages in sexual contact with the child." 235 S.W.3d at 715. Sexual contact was then defined as "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." *Id.* The Court concluded that by referring to the definition of sexual contact that expressly defined distinct ways of

11

**Application**

Applying the eighth-grade grammar test and general statutory-construction concepts—as well as keeping in mind how the Court of Criminal Appeals has construed statutes defining other sex offenses[7]—we can discern Section 21.12(a)(1)'s focus. Incorporating the definitions of the terms "sexual intercourse" and "deviate sexual intercourse" into the "if" clause, Section 21.12(a)(1) describes distinct ways in which a school employee can commit an offense:

> • if the school employee engages in "penetration of the female sex organ by the male sex organ"[8] (sexual intercourse) with a student; or

---

engaging in sexual contact, the legislature intended in the indecency statute to enumerate separate offenses. *Id.* at 718–19; *see* Tex. Penal Code § 21.11(a)(1), (c).

[7]The eighth-grade grammar test "is only one tool, among others, that we use to identify the allowable unit of prosecution permitted by a statute." *Kuykendall v. State*, 611 S.W.3d 625, 629 (Tex. Crim. App. 2020).

[8]As used here, "engages in" is a transitive phrasal verb, meaning it requires a direct object to complete its meaning. *See engage in*, Merriam-Webster, https://www.merriam-webster.com/dictionary/engage%20in (last visited June 16, 2026); *Phrasal Verbs*, Bryan A. Garner's Modern English Usage 830 (5th ed. 2022); Jacob M. Carpenter, *The Problems, and Positives, of Passives Exploring Why Controlling Passive Voice and Nominalizations Is About More Than Preference and Style*, 19 Legal Comm. & Rhetoric: JALWD 95, 98 (2022). The direct object of engages in is a noun— "penetration"—which is modified by two phrases—"of the female sex organ by the male sex organ." The noun "penetration" is a nominalization: "a verb (an act) that the writer turned into a noun (a thing)." *See id.* Although nominalizations are not grammatically incorrect, they are less direct and more abstract than verbs. *Id.* Here, the nominalization's use allows for a conviction regardless of whether the school employee is male or female.

- if the school employee engages in "any contact between any part of the genitals of one person and the mouth of another person" (deviate sexual intercourse) with a student.

*See, e.g.*, *Jourdan*, 428 S.W.3d at 96 (providing example of how to analyze a statute using this rule of thumb); *see also Pizzo*, 235 S.W.3d at 721–22 (Price, J., concurring) (observing that eighth-grade grammar test "will not necessarily work invariably, in every scenario, to accurately identify legislative intent" but agreeing that statutory-construction principles led to same result as majority's in that case); *cf. Irielle*, 441 S.W.3d at 876 (concluding same with Section 39.04(a)(2)).

In *Vick v. State*, the Court of Criminal Appeals construed the following language in Penal Code Section 22.021(a)(1)(B):

(a) A person commits an offense:

    (1) if the person:

        (B) intentionally or knowingly:

            (i) causes the penetration of the anus or female sexual organ of a child by any means;

            (ii) causes the penetration of the mouth of a child by the sexual organ of the actor;

            (iii) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; or

            (iv) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor . . . .

991 S.W.2d at 832. The court determined that the specificity with which each section "entail[ed] different and separate acts to commit the various, prohibited conduct" reflected "the legislature's intent to separately and distinctly criminalize any act which constitutes the proscribed conduct." *Id.* at 833.

Structurally, Section 21.12(a)(1) bears resemblance to the other sex-related offenses in the Penal Code, particularly with its reference to specific and discrete types of conduct.[9] Accordingly, similarly to the court in *Irielle*, we conclude that the different types of conduct proscribed in Section 21.12(a)(1) set forth separate and distinct offenses for which a defendant can be assessed multiple punishments, even when these separate and distinct offenses occur during the same criminal transaction. *See Phillips v. State*, 787 S.W.2d 391, 394 (Tex. Crim. App. 1990); *cf. Irielle*, 441 S.W.3d at 876.

Based on our construction of Section 21.12(a)(1), we hold that Andrews has not been subjected to impermissible multiple punishments. Therefore, we conclude that no double-jeopardy violation is clearly apparent from the face of the record, and we overrule his first issue.

---

[9]Andrews argues alternatively that "[e]ven if [Section] 21.12 is a nature of conduct offense, the State cannot bifurcate multiple convictions from the same sub-section of the statute." But the Court of Criminal Appeals has rejected this categorical argument: "We have made clear that discretely proscribed conduct even within the same subsection of a penal statute may still serve to delineate separately actionable offenses for both double jeopardy and jury unanimity purposes when they are 'specified within separate and disjunctive *phrases* in the *same* subsection.'" *Jourdan*, 428 S.W.3d at 95 (quoting *Gonzales,* 304 S.W.3d at 849).

## Conclusion

Having overruled Andrews's first issue and determining that his remaining issues are moot, we affirm the trial court's judgments.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 18, 2026

15